OPINION OF THE COURT
Herbert Kramer, J.
Does service of an answer and jury demand in a Housing Court nonjury Trial Part survive a claim of lateness and waiver of jury trial?
A holdover proceeding was instituted by service of the notice of petition and petition on August 8, 1981. The notice of petition did not contain an optional demand for an answer three days before the date set forth for the hearing. (RPAPL 743.) The initial hearing was adjourned by consent. No mention was made as to whether the date for answer was similarly extended.
On the adjourned date, the case appeared in Part 35, the Calendar Part of the Landlord-Tenant Court. Before the calendar call, as a matter of course, the clerk instructs that the parties are to answer “Ready” if they are indeed ready for trial, whereupon they are sent for trial to a Housing Court Judge; otherwise, with few exceptions, they are to answer “Application”, and wait until the end of the calendar call to make their application before the Part 35 Judge.
We note preliminarily that had the above procedure been followed, the confusion of issues attending this motion would not have arisen.
On the adjourned date when this case appeared in Part 35, both sides answered “Ready”. They were sent for trial *500 to Housing Court Judge Dubinsky, whereat the tenant served an answer with demand for trial by jury. Because a Housing Court Judge lacks jurisdiction over jury trials, Judge Dubinsky sent the matter back to Part 35, for reassignment. Upon its return to Part 35, an order was entered allowing payment of the jury fee nunc pro tune by Judge Tavormina.
This motion seeks to strike that jury demand on the ground of untimeliness.
RPAPL 743 provides as follows: “Except as provided in section 732, relating to a proceeding for non-payment of rent, at the time when the petition is to be heard the respondent, or any person in possession or claiming possession of the premises, may answer, orally or in writing. If the answer is oral the substance thereof shall be indorsed upon the petition. If the notice of petition was served at least eight days before the time at which it was noticed to be heard and it so demands, the answer shall be made at least three days before the time the petition is noticed to be heard and, if in writing, it shall be served within such time; whereupon any reply shall be served at least one day before such time.” (Emphasis added.)
Where the three-day demand is made, respondent’s answer is due before the initial court appearance. Thus, an adjournment of the hearing will not automatically extend the time for answer. This must be accomplished by separate stipulation.
In the case at bar, however, there was no such demand in the notice of petition. The time for answer was therefore adjourned along with the hearing in accordance with the statutory scheme, no arrangements to the contrary having been made. Thus, the answer in the case at bar with its jury demand was timely.
Section 1303 of the New York City Civil Court Act (CCA) which prescribes the method for obtaining a jury provides, in pertinent part, as follows:
“(a) * * * In a summary proceeding to recover possession of real property, the demand may be made by the tenant at the time of answering or by the landlord at any time before the day of trial. The party demanding a trial by *501 jury shall at the time of making said demand pay to the clerk the sum of twenty-five dollars.
“(b) Unless a demand is made and the jury fee paid as above provided, a jury trial is waived.
“(c) The Court may relieve a party from the effect of failing to comply with this section if no undue prejudice to the rights of another party would result.” (Emphasis added.)
By virtue of Judge Tavormina’s nunc pro tune order the jury demand is deemed served as of the time tenant answered, as required by the court rule above. Since we have already determined the answer to be timely, the jury demand should not be stricken.
The court must point out that the proper procedure would have been to serve the answer during or prior to the Part 35 calendar call. The requirement that answers be served “when the case is heard” contemplates its call in Part 35, rather than in a nonjury Housing Part, especially given the anomalous and wasteful situation created when a jury demand is served in a nonjury part.
This failure is hereby relieved pursuant to subdivision (c) of section 1303 of the CCA, as no undue prejudice has enured to the petitioner, but with the caveat that all future answers containing jury demand be served at the latest in Part 35.
For the foregoing reasons, the motion to strike the answer and jury demand is denied.
Use and occupation is granted pending trial in the amount of the current rent.