OPINION OF THE COURT
David B. Saxe, J.
The two essential issues that I must resolve arising from the respondent tenant’s motion to dismiss the holdover *546 proceeding pending before this court are: (1) To what extent may a summary proceeding be commenced “more summarily” through the use of an order to show cause rather than the preferred mode of petition and notice of petition? and (2) Does the fact that a member of the law firm that formerly represented the respondent in a prior summary proceeding is now employed by the petitioner’s law firm, but is not involved in this case in any respect, provide a basis for disqualifying the petitioner’s law firm from further representation in this proceeding?
The landlord commenced this summary commercial holdover proceeding by an order to show cause. The grounds for the eviction were the expiration of the tenant’s lease.
RPAPL 733 (subd 2) states: “The court may grant an order to show cause to be served in lieu of a notice of petition. If the special proceeding is based upon the ground specified in subdivision 1 of section 711, and the order to show cause is sought on the day of the expiration of the lease or the next day thereafter, it may be served at a time specified therein which shall be at least two hours before the hour at which the petition is to be heard.” It is apparently the respondent’s contention that where, as here, the summary eviction proceeding is based upon a lease expiration (RPAPL 711), the order to show cause must be sought on the last day of the lease term (here, May 31,1982) or the day after (June 1, 1982). The respondent claims that since the order to show cause was not obtained until June 2, 1982, the order is a nullity and the proceeding must be dismissed.
The respondent’s contention is incorrect. The portion of RPAPL 733 (subd 2) relied upon by the respondent deals only with the issue of the timing of the hearing brought on by order to show cause. It was not intended to affect or restrict the court’s power to permit the use of orders to show cause generally. The only restriction contained in RPAPL 733 (subd 2) is where the ground for termination is the expiration of the lease and the order to show cause is sought on the date of expiration of the lease or one day later. That is not the case here. Therefore, I hold that the fact that the order to show cause was sought two days after the expiration of the lease does not affect its validity.
*547 The respondent further contends that the petitioner failed to comply with the requirement contained in the order to show cause that service be completed by 5:00 p.m. on June 2,1982. The affidavit of service indicates that the order to show cause was served by affixing a copy upon a conspicuous part of the property on June 2, 1982 and by mailing to the subject premises on that date. The affidavit of service was filed with the court on June 3,1982. RPAPL 735 (subd 2, par [b]) states: “mailing to respondent, when service is made by the alternatives above provided, and such service shall be complete upon the filing of proof of service.” It is the respondent’s contentions that since the affidavit of service was filed on June 3, 1982, service pursuant to the statute was not complete until June 3, 1982 and therefore a condition of the order was not met. This failure to comply with the requirements of RPAPL 735 is, according to the respondent, a jurisdictional defect mandating the dismissal of the action.
The respondent’s contention in this regard is also incorrect. Section 411 of the New York City Civil Court Act reads as follows: “Where summons in an action, or a petition or notice of petition in a special proceeding, has not been filed within the time prescribed by law, the court may order the filing thereof nunc pro tunc. In such instance the time within which the other party must respond thereto shall commence de novo, and shall run from the service upon such other party of a copy of such order with notice of entry thereof.” In Sears Roebuck & Co. v Austin (60 Misc 2d 908), the court held that if the marshal had accomplished all that was required for service of process in connection with an action involving the right to possession of chattel, except for the filing of proof of service, the Civil Court would authorize filing nunc pro tunc and deny the motion seeking to quash requisition and to have the chattels returned.
In this case, the affixation óf the papers and the mailing were done within the prescribed time limit. Only the filing was late. To dismiss the proceeding on that ground would be to exalt a technicality. I will not do that. Under section 411 of the New York City Civil Court Act, I have the power to deem the filing of the affidavit nunc pro tunc as of June *548 2, 1982 at 5:00 p.m. in conformity with the condition of the order to show cause. I so order it. The order to show cause was therefore properly served.
The final issue is presented by the respondent tenant’s application for an order disqualifying the law firm of Finkelstein, Borah, Schwartz, Altschuler & Goldstein, P. C. (the “Finkelstein” firm). The purported basis for this part of the motion is that Gerald Shapiro, Esq., now an associate attorney with the Finkelstein firm was, prior to accepting employment with them, a partner in a law firm that had previously represented the respondent in a prior holdover case. Mr. Shapiro has submitted an affidavit in which he states that he has not discussed this case, or the prior proceeding with anyone affiliated with the Finkelstein firm.
It is the respondent’s contention (citing Chinatown Apts. v New York City Tr. Auth., 100 Misc 2d 495, affd 67 AD2d 842, affd 48 NY2d 763), that since an appearance of conflict exists, disqualification is mandated.
It is the court’s duty on a disqualification motion to balance three competing interests: the plaintiff’s interest in freely selecting counsel of his choice, the defendant’s interest in having a trial free from risk of disclosure of confidential information and the public’s interest in the fair administration of justice. (Nichols v Village Voice, 99 Misc 2d 822.)
Nevertheless, it has been stated: “The proscription against taking a case against a former client is predicated, however, on more than the possibility of use in the second representation of information confidentially obtained from the former client in the first representation. The limitation arises simply from the fact that the lawyer, or the firm with which he was then associated, represented the former client in matters related to the subject matter of the second representation. Accordingly, it is no answer that the lawyer did not in fact obtain any confidential information in connection with the first employment, or even that it was only other members of his firm who rendered the service to the client. Irrespective of any actual detriment, the first client is entitled to freedom from apprehension and to certainty that his interests will not be prejudiced in conse *549 quence of representation of the opposing litigant by the client’s former attorney. (Drinker, Legal Ethics, pp 109, 115.) The standards of the profession exist for the protection and assurance of the clients and are demanding; an attorney must avoid not only the fact, but even the appearance, of representing conflicting interests (Rotante v Lawrence Hosp., 46 AD2d 199; Edelman v Levy, 42 AD2d 758). ‘[Wlith rare and conditional exceptions, the lawyer may not place himself in a position where a conflicting interest may, even inadvertently, affect, or give the appearance of affecting, the obligations of the professional relationship’ (Matter of Kelly, 23 NY2d 368, 376).” (Cardinale v Golinello, 43 NY2d 288, 295-296; see, also, T. C. Theatre Corp. v Warner Bros. Pictures, 113 F Supp 265, 269.)
In modern day litigation, although motions to disqualify counsel are often utilized as weapons and it is the court’s obligation to prevent abuse by means of such motions, absent good cause (Nichols v Village Voice, 99 Misc 2d 822, supra; Allegaert v Perot, 565 F2d 246, 251; Lefrak v Arabian Amer. Oil Co., 527 F2d 1136), a lawyer may not place himself in a position where conflicting interests may even inadvertently affect, or give the appearance of affecting the obligations of a professional relationship. (Matter of Kelly, 23 NY2d 368.)
So, in a strikingly similar case, the plaintiff’s law firm was disqualified on the grounds of appearance of conflict of interest where members of the law firm which had previously represented the defendant in a preliminary proceeding prior to dissolving became associated with plaintiff’s law firm, even though the attorney’s affidavit asserted that he was not involved in the lawsuit while a member of either firm. (Edelman v Levy, 42 AD2d 758, mot to dismiss app den 33 NY2d 683; see’ also, 6 NY Jur 2d, Attorneys at Law, § 72.)
I therefore hold that the Finkelstein firm may no longer represent the petitioner in this proceeding.
The petitioner has additionally requested the court to grant summary judgment in its favor (CPLR 3212). It is incumbent upon the moving party on a motion for summary judgment to set forth sufficient evidentiary facts to *550 establish his right to a judgment as a matter of law. (Capelin Assoc. v Globe Mfg. Corp., 34 NY2d 338.) The opposing side must set forth sufficient facts to warrant a trial in order to defeat the motion. (CPLR 3212, subd [b]; Zuckerman v City of New York, 49 NY2d 557.) The respondent has failed to allege any facts which would operate to extinguish the petitioner’s right to possession of the premises as a result of the termination of the lease between the parties. Thus, it appears that there are no triable issues of fact.
Therefore, that part of respondent’s motion seeking to dismiss the petition on the ground that the underlying order to show cause was defective is denied. The application for an order disqualifying the Finkelstein firm is granted. Further, on petitioner’s application for summary judgment, I direct that a final judgment of possession be entered in favor of petitioner. The warrant shall issue immediately but shall be stayed until a hearing is held to determine the extent of any further stay. At that hearing, the court shall determine the amount of rent and use and occupancy to which petitioner is entitled. Substitute counsel shall appear for the petitioner at that hearing.