OPINION OF THE COURT
Memorandum.
Order unanimously modified by providing that tenant’s counterclaims seeking an award for property damage, punitive damages, and an affirmative judgment against landlord based on its alleged breach of the warranty of habitability are dismissed without prejudice to tenant’s commencement of an independent action based on these claims and as so modified affirmed without costs.
In this holdover proceeding by landlord the City of New York seeking an award of possession and use and occupancy, tenant appeared pro se on the return date and was granted an adjournment to obtain counsel. Tenant subsequently obtained the assistance of Legal Aid, which sought leave to interpose an answer on tenant’s behalf. The proposed answer asserted defenses, inter alia, of lack of personal jurisdiction and breach of the warranty of habitability as well as counterclaims seeking ordinary and punitive damages for the breach of warranty, damages for property loss resulting from the breach, and an injunction directing repairs. Upon a motion by the City to dismiss tenant’s affirmative defenses and to dismiss or sever her counterclaims, the court below denied those portions of the motion seeking to dismiss tenant’s defense of lack of personal jurisdiction and to dismiss or sever tenant’s counterclaims.
In our view, the court below properly refused to dismiss tenant’s affirmative defense of lack of personal jurisdiction. Tenant’s pro se appearance on the return date did not constitute a waiver of this defense as no answer was interposed at that time and the court’s adjourning the matter for tenant to obtain counsel in effect extended tenant’s time to answer (see, Gluck v Wiroslaw, 113 Misc 2d 499; see also, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C320:4, at 494-495).
*332 With respect to tenant’s counterclaims based on the warranty of habitability, we held in City of New York v Jones (NYLJ, May 28, 1992, at 24, col 5 [App Term, 2d & 11th Jud Dists]) that a tenant is not precluded by his failure to comply with section 7-201 of the Administrative Code of the City of New York from asserting landlord’s breach of the warranty of habitability as a defense to the City’s claim for rent. At that time, we left open the question whether tenant could obtain an affirmative judgment against landlord without complying with section 7-201. We now hold that tenant is precluded by her failure to comply with section 7-201 from asserting the City’s breach of the warranty of habitability as the basis for an affirmative judgment against the City. We also hold that tenant is similarly precluded from asserting claims based on the alleged breach for resulting property damage and for punitive damages. These claims are not mere defenses to landlord’s claim for use and occupancy but seek affirmative relief and as such they require compliance with section 7-201. Finally, we hold that the court below properly refused to sever tenant’s counterclaim for an injunction directing repairs as this claim was intertwined with tenant’s defense of breach of the warranty of habitability.
Kassoff, P. J., Chetta and Patterson, JJ., concur.