OPINION OF THE COURT
Bernard S. Greenbaum, J.
Petitioner Rochdale Village Inc. commenced this summary proceeding, upon the demand of the Queens County District Attorney, against the cooperative apartment owner, the respondent tenant Velma B. Harris (hereinafter referred to as respondent), pursuant to Real Property Law § 231 (1), in that *760 the proprietary lease became void or voidable as the premises were used or occupied for the purpose of the illegal possession and sale of controlled substances. The respondent undertenant, Deirdra Harris, is the respondent’s daughter and an occupant of the premises. Deirdra Harris was arrested for possession of and intent to sell controlled substances on August 26, 1996 in the lobby of the respondent’s building.
On December 13, 1996, the Queens County District Attorney’s office notified the petitioner landlord that it was required to commence a proceeding to recover possession of the respondent tenant’s apartment based upon undertenant’s arrest. The notice, dated December 12,1996, advised the landlord that if it did not commence the proceeding, the District Attorney would seek sanctions against it for failure to comply with the notice. Pursuant to such notice the petitioner commenced the instant summary holdover proceeding by service of a notice of petition and petition on January 17, 1997 by conspicuous service with a return date of January 29, 1997.
On January 29, 1997, the matter was adjourned to February 19, 1997 at 9:30 a.m. for trial. On the adjourn date, the matter was again adjourned, on consent, to March 5,1997. An undated notice of appearance by Theodore M. Shaw on behalf of the respondent appears in the court file.
By order to show cause, dated March 3, 1997, the respondent has moved (1) pursuant to CPLR 3211 (a) (8) to dismiss the petition on the ground that the notice of petition and petition were served improperly in violation of CPLR 308, or alternatively, (2) to stay the trial of this proceeding until Deirdra Harris, currently incarcerated, be produced to testify, and (3) in the event such relief is denied, for leave to interpose a written answer.
Several issues have been raised by such order to show cause.
The initial question concerns the fact that, although this proceeding was commenced by the landlord which has submitted opposing papers to the respondent’s motion, an additional affirmation in opposition has been submitted by the Queens County District Attorney’s office.
The respondent contends that the District Attorney is not a party to this proceeding and, therefore, cannot act as amicus curiae without first obtaining the permission of the court. RPAPL 715 does not require a tenant to defend against both the landlord and the District Attorney simultaneously. Respondent argues, therefore, that the affirmation in opposition *761 submitted by the District Attorney’s office should not be considered on the respondent’s motion.
The respondent’s objection does reveal the status of the District Attorney to be something of an anomaly in those instances where the proceeding is commenced by the landlord rather than by his own office. The instant proceeding, pursuant to RPAPL 715, was initiated by the petitioner upon the request of the Queens County District Attorney. As noted by the court in Ackert v Figueroa (NYLJ, Apr. 8, 1997, at 27, cols 1, 2): "While private parties may be named petitioners in 'red back’ cases, the proceedings are clearly brought at the behest of the District Attorney’s office. The identification of the District Attorney’s office with these cases cannot be ignored.”
Indeed, the District Attorney’s office is the driving force behind these proceedings. Although this proceeding was commenced by the landlord, the majority of the documentary evidence, that is, police arrest reports, criminal complaints or indictments, and conviction records, and witnesses, that is, undercover and uniform police officers, are coordinated and provided by the District Attorney’s office.
In addition, an Assistant District Attorney is usually involved in pretrial conferences and settlement negotiations. If an agreement between the named parties is to be reached, the Assistant District Attorney’s acquiescence thereto has always been considered an integral part thereof. Such acquiescence is needed not only by the landlord petitioner to show his compliance with the District Attorney’s request but also by the tenant respondent so as to limit further action by such office on the underlying claim. In those instances where the matter has proceeded to trial, the Assistant District Attorney has always placed his appearance on the record on behalf of the District Attorney’s office and, to the present time, this court is not aware of any objections thereto having been taken. Indeed, such appearance is usually followed by a request, with petitioner’s consent, that he be permitted to conduct the proceedings on behalf of the landlord petitioner. Such requests have been granted with the understanding that only said attorney would introduce evidence and cross-examine witnesses on behalf of the petitioner during the trial.
It cannot be said that the District Attorney acts as an amicus curiae in these circumstances as an amicus curiae must be nonpartisan with respect to the issues before the court (see, First Citizens Bank & Trust Co. v Saranac Riv. Power Corp., 246 App Div 672; Central Hanover Bank & Trust Co. v Saranac *762 Riv. Power Corp., 243 App Div 843). Here, clearly, the District Attorney is partisan, and indeed adversarial, as the evident purpose and goal of its involvement is to bring about the eviction of the respondent tenant. Of further consequence is the fact that no application, with adequate notice to all sides, for leave to appear as an amicus curiae has been presented to this court with respect to the instant matter.
The District Attorney’s posture cannot be seen as that of an intervenor as of the present time. The District Attorney has not joined the pending action as an actual party either by right or by permission (see, CPLR 1012, 1013). Rather, under RPAPL 715 (3), the District Attorney retains the right to become an actual party, the petitioner, in a new and separate proceeding commenced by such office in the event that the original petitioner landlord fails to diligently prosecute this matter. The District Attorney’s proceeding would then take precedence over this landlord’s proceeding (see, RPAPL 715 [3]).
It appears to this court that the District Attorney’s participation is more analogous to that of a cocounsel who assists the petitioner in the presentation of its case. Fortunately for the petitioner, the Assistant District Attorney has access to all of the criminal and police records, as well as police witnesses, concerning the alleged illegal activities which are the petitioner’s burden to prove. In addition, the Assistant District Attorney concomitantly assists the petitioner in fulfilling its burden of a good-faith diligent prosecution of the petition so as to avoid statutory penalties. Therein lies a possible conflict of interest, however, if the District Attorney’s office forms the opinion that the petitioner was not acting in good faith or in a diligent manner. The District Attorney’s office would have been privy to the inner workings of the petitioner’s case up to that point and could use such knowledge against the petitioner as a joined respondent in a subsequent proceeding commenced by the District Attorney’s office. Such is a risk that petitioner runs. In any event, the appearance of the District Attorney’s office has not been denominated by it as cocounsel to petitioner’s attorney.
However, in the instant case, this court finds that contrary to respondent’s argument, no additional burden has been placed upon her by virtue of the fact that the District Attorney’s office is so intimately involved with the prosecution of this proceeding. Such office helps to expedite these types of cases as well as providing an orderly production of the evi *763 dence to be presented. There is nothing in the law which prevents the District Attorney from aiding in the prosecution of this type of proceeding when it is commenced by the landlord or other authorized party under the statute. Further, be it the landlord as petitioner or District Attorney as petitioner, the evidence to be presented against the respondent would remain the same.
Given the strong public policy underlying RPAPL 715 and Real Property Law § 231 to prevent the use of premises for unlawful purposes, especially involving controlled substances, this court finds that the affirmation in opposition submitted by the Assistant District Attorney may be considered on this motion. This is especially so as a question has arisen herein as to whether the adjournment of the proceeding from the original hearing date of the petition has any effect upon the respondent’s right to make the instant motion. As the Assistant District Attorney was an active participant on the return date and subsequent adjourn dates, this court finds such affirmation to be relevant to the disposition of motion solely on that point.
However, the court does need clarification from the District Attorney as to the actual nature of its appearance herein and the extent of its participation, if any, in the traverse hearing (see, infra), and possible trial to be conducted. Therefore, this court directs that a statement by the District Attorney’s office as to the nature of its appearance and extent of its participation is to be filed with the court at least five days prior to the scheduled traverse hearing.
The second issue raised, as noted ábove, is whether respondent has waived her right to make the instant motion. This court finds that she has not so waived.
The notice of petition set the return date of the petition for January 22, 1997. There was no demand in the notice of petition that an answer be served three days prior to such return date. Therefore, RPAPL 743 provides that "at the time when the petition is to be heard the repondent, or any person in possession or claiming possession of the premises, may answer, orally or in writing.”
As stated by the court in Gluck v Wiroslaw (113 Misc 2d 499, 500):
"Where the three-day demand is made, respondent’s answer is due before the initial court appearance. Thus, an adjournment of the hearing will not automatically extend the time for answer. This must be accomplished by separate stipulation.
*764 "In the case at bar, however, there was no such demand in the notice, of petition. The time for answer was therefore adjourned along with the hearing in accordance with the statutory scheme, no arrangements to the contrary having been made. Thus, the answer in the case at bar with its jury demand was timely.” (See also, City of New York v Candelario, 156 Misc 2d 330, 331.)
In the instant case, the matter was adjourned from the initial hearing date of January 29,1997 to the eventual date of March 5, 1997. Respondent’s time to answer was simultaneously adjourned to such final date. Prior to March 5, 1997, the time at which an answer was required, respondent moved pursuant to CPLR 3211 (a) (8).
CPLR 3211 (e) states, in pertinent part, that: "A# any time before service of the responsive pleading is required a party may move on one or more of the grounds set forth in subdivision (a), and no more than one such motion shall be permitted * * * An objection based upon a ground specified in paragraphs eight or nine of subdivision (a) is waived if a party moves on any of the grounds set forth in subdivision (a) without raising such objection or if, having made no objection under subdivision (a), he does not raise such objection in the responsive pleading.” (Emphasis added.)
Here, service of the responsive pleading, the respondent’s answer, was not required until March 5, 1997 when the matter would have gone to trial absent the making of the instant motion. On that date, the respondent could have submitted her answer which could have contained the affirmative defense of lack of personal jurisdiction. In the alternative, respondent has timely moved to dismiss upon such ground as permitted by CPLR 3211 (e).
The petitioner argues that the undated notice of appearance by Mr. Shaw as counsel for respondent, which was filed with the court, constitutes an appearance by the respondent which confers personal jurisdiction over her (see, CPLR 320 [a], [b]). This court does not agree.
CPLR 320 (a) does provide that a "defendant appears by serving an answer or a notice of appearance, or by making a motion which has the effect of extending the time to answer.” However, CPLR 320 (b) states, in pertinent part, that, "an appearance of the defendant is equivalent to personal service of the summons upon him, unless an objection to jurisdiction under paragraph eight of subdivision (a) of rule 3211 is asserted by motion or in the answer as provided in rule 3211.”
*765 Here, the respondent has asserted such an objection to jurisdiction under CPLR 3211 (a) (8) by a timely motion. The mere fact that a notice of appearance was served or filed does not, in and of itself, jeopardize the respondent’s jurisdictional objection (see, McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C320:4, at 493). Therefore, the motion will be considered on the merits.
Respondent’s motion raises the objection that service of the notice of petition and petition by "nail and mail” was improper.
RPAPL 735 (1) states, in pertinent part, that: "Service of the notice of petition and petition shall be made by * * * delivering to and leaving personally with a person of suitable age and discretion who resides * * * at the property sought to be recovered, a copy of the notice of petition and petition, if upon reasonable application admittance can be obtained and such person found who will receive it; or if admittance cannot be obtained and such person found, by affixing a copy of the notice and petition upon a conspicuous part of the property sought to be recovered or placing a copy under the entrance door of such premises; and in addition, within one day after such delivering to such suitable person or such affixing or placement, by mailing to the respondent both by registered or certified mail and by regular first class mail”.
The affidavit of the process server indicates that the method of service was by conspicuous place service. The first attempted service was at 7:25 p.m. on January 15, 1997. A second attempt was made at 3:45 p.m. on January 17, 1997. As the second attempt at personal delivery was unsuccessful, the process server affixed eight copies of the notice of petition and petition to the respondent’s entrance door and mailed eight copies thereof on January 18, 1997 by certified mail and regular first class mail.
The respondent, in her affidavit, contends that, although she found one copy of the notice of petition and petition affixed to her door, she never received any copies thereof in the mail.
This court finds that issues of fact exist with respect to the service of the notice of petition and petition which require resolution at a traverse hearing. The respondent has submitted her own affidavit in support of the motion which contains a sworn denial that she ever received any copies of the notice of petition and petition through the mail. As stated by the Court in Empire Natl. Bank v Judal Constr. (61 AD2d 789): "the sworn denial by [defendant] of his receipt by mail of the summons and complaint requires a hearing to determine whether those papers had in fact been mailed to him. The affidavit of *766 service, asserting mailing, is not conclusive once there has been a sworn denial of receipt. Plaintiff is then required to establish facts showing that the letter was indeed mailed and that it was properly addressed and stamped, and the asserter of these facts must be made available for cross-examination (Cashman, Inc. v Spellman, 233 App Div 45; UniServ Corp. v Frede, 50 Misc 2d 823; cf. McLaughlin, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1977-1978 Pocket Part, CPLR 306:1).” (See also, Dime Sav. Bank v Steinman, 206 AD2d 404, 405; Poet v Kalenda, 142 AD2d 633, 634.)
Given the respondent’s sworn denial of receipt of service by mail, this court finds that a traverse hearing is required so that petitioner may go forward with the burden of proof as to the mailing of the notice of petition and petition. Since the respondent has admitted that a copy of the papers was, in fact, found affixed to her door, the only question to be decided at the traverse hearing is the one with respect to mailing.
Finally, the respondent requests a stay of trial because the presence and/or testimony of respondent undertenant, Deirdra Harris, who is presently incarcerated, is necessary. This court hereby denies the request for a stay. The presence and/or testimony of such party may be produced at trial by an examination before trial, interrogatories or via an appropriate order from a court of competent jurisdiction for production of an inmate at a court proceeding.
Accordingly, this matter is set down for a traverse hearing and final disposition of the motion, including respondent’s request for leave to interpose a written answer, at Part 18 of this courthouse at 9:30 a.m. on April 28, 1997. A statement by the District Attorney’s office as to the nature of its appearance and extent of its participation in future proceedings in this matter is to be filed with the court and served on the parties at least five days prior to the scheduled traverse hearing.