OPINION OF THE COURT
Memorandum.
Order insofar as appealed from unanimously affirmed without costs.
In this holdover summary proceeding, landlord made substituted service upon tenant pursuant to RPAPL 735 (1), but failed to file the notice of petition, petition and proof of service in court within the period mandated by RPAPL 735 (2) where substituted service is made.
We hold that landlord was properly permitted to file proof of service in accordance with RPAPL 735 (2) nunc pro tunc (see generally Jamal Estates v Crockwell, 113 Misc 2d 548 [App Term, 1st Dept 1982]; Revelstoke Props. v Beaumont Neckwear, 114 Misc 2d 545 [Civ Ct, NY County 1982]). CCA 411 provides a specific nunc pro tunc filing remedy in such instances (see Berkeley Assoc. Co. v Di Nolfi, 122 AD2d 703, 707 [1986] [Murphy, P.J., dissenting]). CCA 411 provides, in pertinent part:
“Where a summons in an action, or a petition or notice of petition in a special proceeding, has not been filed within the time prescribed by law, the court may order the filing thereof nunc pro tunc. In such instance the time within which the other party must respond thereto shall commence de novo, and shall run from the service upon such other party of a copy of such order with notice of entry thereof’ (emphasis added).
Not only is this section readily applicable to summary proceedings, in the opinion of one commentator at least, it was, in the special proceeding context, “aimed primarily at the summary proceeding” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, CCA 411, at 150). The object of the RPAPL 733 (1) service requirement is to ensure that respondents receive adequate notice and an opportunity to prepare *35 any defenses that they may have (see generally Berkeley Assoc. Co., 122 AD2d 703 [1986]). CCA 411 addresses this concern by providing that the tenant’s time to respond commences de novo. Accordingly, inasmuch as tenant admitted receiving the notice of petition and petition within the statutory time frame for service of the same, and neither demonstrated nor argued that he was prejudiced in any way by landlord’s subsequent failure to file proof of service with the court, the court below properly permitted nunc pro tunc filing of proof of service (CCA 411; see also Jamal Estates, 113 Misc 2d 548 [1982]; Revelstoke Props., 114 Misc 2d 545 [1982]).
We note that the case of Berkeley Assoc. Co. is not to the contrary. Said case involved a posteviction motion to vacate a default final judgment, and relief pursuant to CCA 411 was not available as noted by the dissent therein (122 AD2d at 707; cf. Ron Rose Group v Gavish, 2002 NY Slip Op 40194[U] [App Term, 9th & 10th Jud Dists], and Blasi v Miller, NYLJ, Jan. 12, 1998, at 29, col 6 [App Term, 2d & 11th Jud Dists] [wherein no nunc pro tunc relief pursuant to section 411 of the applicable court act was sought]).
Aronin, J.P., Golia and Rios, JJ., concur.