OPINION OF THE COURT
George M. Heymann, J.
This owner use holdover proceeding was commenced with the service of a petition and notice of petition on the respondent by substituted service on her son “John” Perez on February 19, 2008 with copies mailed to the respondent by certified and regular mail the following day, February 20, 2008.[1] According to the clerk’s date and time stamp, the notice of petition and petition and affidavit of service were filed on February 25, 2008 at 3:59 p.m. The matter was noticed to be heard on February 29, 2008.
On February 29, 2008, the respondent sought an adjournment to obtain counsel. No answer was served upon the petitioners or filed with the court on that date and the matter was adjourned to March 24, 2008. On March 24, the court denied an application for another adjournment and the case was referred *932 to the expediter for trial. While waiting to be assigned to a trial part, respondent retained counsel. Due to the late hour when the case was finally before the court, it was further adjourned to March 31, 2008. No application for an extension to file a written answer was made by the respondent. A written answer was served on the petitioners on March 28, 2008.
The respondent has moved for dismissal on the grounds that the court lacks jurisdiction as the notice of petition was not filed with the court within three days of mailing as required by Real Property Actions and Proceedings Law § 735 (2) and petitioners failed to complete service of the notice of petition and petition by filing proof of service at least five days prior to the date the petition was noticed to be heard in accordance with RPAPL 733 (1).
The petitioners cross-moved for an order denying the respondent’s motion to dismiss; correcting the “clerical error” of the clerk’s date and time stamp to “accurately reflect” that the filing was made February 22, 2008 and striking the service of the written answer, dated March 28, 2008, as untimely.
Applicable Statutes (In Relevant Parts)
RPAPL 733 (1): “the notice of petition and petition shall be served at least five and not more than twelve days before the time at which the petition is noticed to be heard.”
RPAPL 735 (2):
“(2) The notice of petition . . . and petition together with proof of service thereof shall be filed with the court or clerk thereof within three days after; . . .
“(b) mailing to respondent, when service is made by the alternatives above provided [service on a suitable person or affixing to a conspicuous part of the property sought], and such service shall be complete upon the filing of proof of service.”
RPAPL 743:
“If the notice of petition was served at least eight days before the time at which it was noticed to be heard and it so demands, the answer shall be made at least three days before the time the petition is noticed to be heard and, if in writing, it shall be served within such time; whereupon any reply shall be served at least one day before such time.”
CCA 409 (a): “Proof of service of the . . . notice of petition and petition . . . shall be filed with the clerk of the court in the county in which the action is brought.”
*933 CPLR 2001:
“At any stage of an action, including the filing of a . . . petition to commence an action, the court may permit a mistake, omission, defect or irregularity, ... or other mistake in the filing process, to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded.”
Discussion
To clarify the sequence of events in the instant matter, the court has created the following timeline:
[[Image here]]
Pursuant to RPAPL 733 (1), if the petition is noticed to be heard on February 29, the petition and notice of petition must be served at least five days prior to the hearing date (Feb. 24) and not more than 12 days prior to said date (Feb. 17).
Based on the facts of this case, five days prior to the return date, February 24, falls on a Sunday. Therefore, the latest that service could be made is February 23, if personal, and completed that day in order to fall within the 5-to-12-day service period.
Twelve days prior to the hearing date of February 29 is February 17 which is a Sunday. Thus, the earliest date to serve process is Monday, February 18, 2008. Here, the petition and notice of petition were served on Tuesday, February 19, by substituted service and mailed the following day, Wednesday, February 20, in accordance with RPAPL 735 (1). In order for the service to be complete pursuant to RPAPL 735 (2) filing must be made between February 21 and 23. Since the 23rd falls on a Saturday the third day is extended to the next business day which is Monday, February 25, 2008. Filing on that date meets the requirements of RPAPL 735 (2) but falls one day short of the provisions of RPAPL 733 (1) for service.
Therefore, according to the respondent, the petitioners would have had to complete the physical acts of service no later than February 19, in order to have the benefit of three days in which to file, which would end on that Friday, six days before the hearing date, whereas here service was mailed on February *934 20th, leaving only two days to file in order to be timely as per RPAPL 733 (1). Under these circumstances, the petitioners are caught between two competing statutes. If they take advantage of substituted service with mailing one day thereafter, and filing within three days thereafter, they find themselves coming up one day short, unless they had served the petition in person on or before February 19 or by substituted service on February 18, the earliest possible date that service could be made in order to take full advantage of the time frames that both RPAPL 733 (1) and 735 (2) provide.
It would appear that service “at least five days” before the petition is noticed to be heard is rendered meaningless if it requires “completion” of service prior thereto. Since the Legislature speaks only of the act of “service,” without more, in RPAPL 733 (1) and provides for an eight-day time frame in which to accomplish it, there appears to be an inconsistency. As demonstrated here, a petitioner would be constrained to complete all the physical acts of service within the first three days of the 12-day period in order to insure that filing is complete not later than five days before the hearing date.
A literal reading of RPAPL 733 (1) gives the petitioners eight days within which to make service and the manner of service under RPAPL 735 allows for two consecutive days for service of process, if not personal, with an additional three days thereafter for filing. Thus, a petitioner taking full advantage of the provisions of RPAPL 735 will, as mentioned above, be limited to commencing service within the very first days of the eight days allowed in RPAPL 733 (1) in order not to come up short of the minimum five days prior to the hearing date.
As will be discussed hereafter in greater detail, several courts and amendments to various statutes allow for the acts of “service,” not the filing or “completion” of service, to confer jurisdiction upon respondents in summary proceedings.
The respondent relies on the holding in Riverside Syndicate, Inc. v Saltzman (49 AD3d 402 [2008]), wherein the Appellate Division, First Department, reversed the Appellate Term and affirmed the housing court’s determination that granted the respondents’ motions to dismiss.
“Landlord failed to ‘complete’ service of the notice of petitions and petitions by filing proof of service (RPAPL 735 [2] [b]) at least five days prior to the date the petitions were noticed to be heard (see RPAPL 733 [1]). A summary proceeding is a special *935 proceeding and ‘governed entirely by statute . . . and it is well established that there must be strict compliance with the statutory requirements to give the court jurisdiction’ {Berkeley Assoc. Co. v DiNolfi, 122 AD2d 703, 705 [1986], Iv dismissed 69 NY2d 804 [1987]; MSG Pomp Corp. v Doe, 185 AD2d 798 [1992]). Thus, the court should have granted respondents’ motions to dismiss the petitions.” (49 AD3d at 402.)
While this decision is devoid of any factual information that would be instructive to the reader, it must be inferred that, unlike the case at bar, there was no dispute that the petitioners failed to “complete” service of the notice of petition and petition by the timely filing of proof of service.
In Zot, Inc. v Watson (20 Mise 3d 1113[A], 2008 NY Slip Op 51341[U] [2008]),[2] in which the facts are virtually identical to the instant matter, Judge Sabrina Kraus gave an excellent discourse on the application of the above-referenced statutes. In that case, the petitioner served a petition and notice of petition on Wednesday, December 27, 2007, by substituted service on the daughter of the respondent. The mailing was done the same day and proof of service was filed on January 2, 2008 the day before the matter was noticed to be heard, January 3, 2008.
The court stated that proof of service should have been filed no later than December 31, 2007 since three days after the mailing on December 27, 2007 would end on December 29, 2007, a Saturday which allowed for filing on Monday, December 31, 2007.[3] Not only was the filing on January 2, 2008 two days late, but since the fifth day prior to the hearing date was Saturday, December 29, it meant that service had to be “completed” no later than Friday the 28th.
In that case, as here, the respondent relied on Saltzman to support her position that the court had no jurisdiction and that the petition had to be dismissed. In distinguishing the different positions between the First and Second Departments, the court granted the petitioner’s motion to deem the pleadings timely *936 served nunc pro tune and denied the respondent’s cross motion to dismiss.[4]
The First Department adheres to a strict compliance of the statute regardless of any prejudice to the parties, whereas the Second Department takes a practical approach in situations like this finding failure to file timely “a technical defect, that does not prejudice any party.” (Watson, 2008 NY Slip Op 51341 [U], *7.)
In Watson the court relied on the Second Department case of Friedlander v Ramos (3 Misc 3d 33 [2004]), in which the Appellate Term allowed for the filing of proof of service nunc pro tune to meet the provisions of RPAPL 735 (2). As stated in Ramos, “[t]he object of the RPAPL 733 (1) service requirement is to ensure that respondents receive adequate notice and an opportunity to prepare any defenses that they may have” (3 Misc 3d at 34-35 [citations omitted]).
The tenant in Ramos, similar to the tenant here, admitted receiving the notice of petition and petition within the statutory time frame and neither argued or demonstrated that they were prejudiced in any way by the landlord’s failure to timely file proof of service with the court.
MSG Pomp Corp. v Doe (supra), upon which the Appellate Division, First Department, relied in reaching its decision in Saltzman, is no longer followed in this Department. (Paikoff v Harris, 185 Misc 2d 372 [App Term, 2d & 11th Jud Dists 1999].)
Filing of proof of service does not relate to the jurisdiction of the court which is acquired by the service of the summons. (Helfand v Cohen, 110 AD2d 751 [2d Dept 1985].) “The failure to file a timely affidavit of service is not a jurisdictional defect, but merely a procedural irregularity which can be cured by an order nunc pro tune.” (Ward v Kaufman, 120 AD2d 929, 931 [4th Dept 1986]; Jamal Estates v Crockwell, 113 Mise 2d 548 [1982]; RFP Co. v Corbett, NYU, Feb. 13, 1981, at 17, col 1.)
“The purpose of requiring the filing of proof of service pertains to the time within which the defendant must answer and does not relate to the jurisdiction acquired by the court upon service of the summons.” (Reporter Co. v Tomicki, 60 AD2d 947, 947 [3d Dept 1978].)
*937 Former CCA 411 empowered, the courts to order a nunc pro tune filing if not timely filed since it was not a jurisdictional defect. CCA 411 was repealed and replaced with a new section 411 effective September 8, 2005, to conform to the new system of commencement of cases by filing where petitioners must purchase an index number before serving the petition and notice of petition. As a result, the filing of proof of service becomes merely a ministerial act and failure to do so timely is a de minimis defect which does not deprive the court of jurisdiction. (See Zot, Inc. v Watson, supra.) Thus, new CCA 411 no longer requires a nunc pro tune filing and new CCA 409 merely provides for filing proof of service with no specific time limitations. Read in conjunction with CPLR 2001, where a defect or irregularity in the filing process “shall be disregarded” (emphasis added), if a substantial right of party is not prejudiced, it is clear that in the case at bar, there is no deprivation of jurisdiction over the respondent and the pleadings were timely served.
The court must now determine whether the proof of service was actually filed on Friday, February 22 or on Monday, February 25, 2008. Based on the foregoing analysis, service on either date was timely with respect to the RPAPL 735 (2) service requirement that filing be made within three days after mailing, which occurred on February 20, 2008. Three days thereafter was February 23 which fell on a Saturday. The next business day was Monday, February 25, one day short of the minimum five-day period for service of the petition and notice of petition prior to the day this matter was noticed to be heard, February 29, 2008.
The respondent argues that the filing on February 25th renders the proceeding jurisdictionally defective under RPAPL 733 (1) mandating dismissal. The court disagrees and finds that the filing is no longer the determinating factor in light of CCA 409 and the court’s ability to “disregard” the late filing pursuant to CPLR 2001, where no substantive irregularities to service are raised and there is no prejudice to the parties. As previously noted, the respondent here does not allege that she was not served, but relies solely on the technicality that the filing on February 25th, a date that was, in fact, proper under RPAPL 735 (2), shortened the 5-to-12-day service period to four days prior to the date of the scheduled hearing as set forth in RPAPL 733 (1). Under the totality of the circumstances, the court finds that this defect was de minimis and does not deprive the court of jurisdiction.
*938 The sole reason for the petitioners’ concern as to whether filing occurred on February 22 or February 25 is its effect on the eight-day demand for respondent’s answer.
The court rejects the petitioner’s argument that the notice of petition, petition and affidavit of service were filed with the clerk’s office on Friday, February 22, 2008 between 4:45 p.m. and 5:00 p.m. The papers are clocked in as being filed on Monday, February, 25, 2008 at 3:59 p.m. According to “Chief Clerk Memorandum 123”: “4. no transactions will be processed after 4:45 p.m.”
Thus, if the process server actually attempted to file these papers by leaving them in a basket next to the open window, as sworn to in his affidavit accompanying petitioners’ notice of cross motion, they would have been clocked in no later than shortly after the windows reopened the following Monday morning. Here, they are time stamped only 46 minutes shy of closing that day. The process server’s statement, that “it is possible, that the returns were not clocked in until the following Monday, February 25, 2008 and due to the high volume of returns on Mondays, it is also possible that there was a delay in clocking in the Notice of Petition and Affidavit of Service,” is nothing more than conjecture. If the papers were sitting in a basket over the weekend waiting to be logged in, it would seem logical that they would be the first to be stamped that morning and not at almost the very end of the business day.
A hearing on this issue, as suggested by the petitioners, would not be productive as it would be impossible to ascertain which of the numerous clerks who handle the filings dealt with this specific set of papers in order for either side to subpoena that person as a witness. Since any one of the clerks could only testify in general terms as to the “procedure” that is followed on a daily basis, the process server would be hard pressed to rebut the date and time stamp and the presumption of regularity that any items left in the basket would be clocked in first on the very next business day.
Therefore, the court will not make a finding that the papers were filed on Friday, February 22, 2008 and issue an order, nunc pro tune, to that effect.
The final issue to be resolved is the petitioners’ cross motion to strike the respondent’s answer.
The respondent, in the first instance, maintains that the petition should be dismissed or, in the alternative, seeks to file her *939 answer as timely served. For the reasons enunciated, the petition will not be dismissed and, thus, the tables are now turned on the respondent as to whether she has served her papers within the strictures of the statute for serving an answer under RPAPL 743 (supra).
RPAPL 743 requires an answer be served three days before the petition is noticed to be heard if served at least eight days before that time and makes such a demand. Once again, the statute talks about “service” of the petition, not when service is “complete.”
The petition in this case was served by substituted service on February 19, 2008 with mailing one day thereafter on February 20th. Even if filing proof of service was a factor, as set forth above, said filing was timely and thus the respondent is now time-barred from filing her late answer.
The respondent’s argument, that because the filing occurred on February 25th the petition and notice of petition were not served at least eight days before the time this matter was noticed to be heard and therefore no written answer was required to be served at least three days prior to the hearing date, is without merit.
As stated in Revelstoke Props, v Beaumont Neckwear (114 Misc 2d 545, 547 [1982]): “In this case, the affixation of the papers and the mailing were done within the prescribed time limit. Only the filing was late. To dismiss the proceeding on that ground would be to exalt a technicality. I will not do that.”
The court then deemed the filing nunc pro tune to conform with the date in the order to show cause as if properly served under former CCA 411. The same result would be reached under the new provisions of the CCA, cited above.
In City of New York v Candelario (156 Misc 2d 330 [App Term, 2d & 11th Jud Dists 1993]), relied on by the respondent, the tenant appeared pro se on the return date of the holdover proceeding and was granted an adjournment to obtain counsel. When the tenant obtained counsel, leave was sought to interpose an answer. The adjournment extended the time to answer, but only for the tenant to retain counsel and not for an indefinite period of time. In that case, as opposed to this case, counsel sought leave of the court to interpose an answer. Here, leave of court was never requested by counsel.
Gluck v Wiroslaw (113 Misc 2d 499 [1982]), also relied on by the respondent, is distinguishable from this proceeding in that *940 there was no demand for an answer three days before the hearing date. The initial hearing date was adjourned by consent and no mention was made as to whether the date to answer was extended. As the court stated (at 500): “Where the three-day demand is made, respondent’s answer is due before the initial court appearance. Thus, an adjournment of the hearing will not automatically extend the time for answer. This must be accomplished by separate stipulation.”
No such stipulation was entered into herein.
A CPLR 3211 motion to dismiss will extend a respondent’s time to serve an answer only if the motion is made before that pleading was originally due (in this case, Feb. 26, 2008). Here, the instant motion, dated March 31, 2008, was noticed to be heard on April 30, 2008 and was made subsequent to service of the written answer dated March 28, 2008.
Counsel for the respondent takes the position that in the absence of the three-day demand no answer is due until the matter is “ready to be heard” regardless of the number of adjournments and passage of time. However, even applying counsel’s own argument, the answer was untimely as this matter was “ready to be heard” on March 24, 2008 when it was referred to the trial part and, at that time, the answer should have been served upon the petitioners and the court. Only as a result of the lateness of the hour that the matter actually reached the trial judge was it further adjourned to March 31, 2008 without any application by counsel to file an answer. The answer was then served four days later on March 28th. But for the fortuitous fact of the late hour that this matter actually reached the bench on the 24th, for all intents and purposes that was the date it was to be heard and was in fact called before the court. Counsel has provided no explanation as to why, after 24 days since the initial return date of February 29, 2008, no answer was served and no motion or stipulation regarding a late service was made. March 24, 2008 was the absolute final date that the answer should have been served if the court was to accept counsel’s interpretation of the law. The time to answer was not automatically extended at that point. (See Gluck v Wiroslaw, supra; Rochdale Vil. v Harris, 172 Misc 2d 758 [1997]; Kirschenbaum v Gianelli, 63 AD2d 1057 [3d Dept 1978]; Wenz v Smith, 100 AD2d 585 [2d Dept 1984].)
Assuming, arguendo, that the respondent’s answer was timely served, the first defense is stricken as being moot as a result of this decision and the second defense, that the notice of termina *941 tian does not state facts necessary to establish a ground for termination, is stricken as being conclusory without any supporting statement by the respondent.
Accordingly, the respondent’s motion to dismiss this proceeding is denied. The petitioners’ cross motion is granted to the extent that the respondent’s motion to dismiss is denied and the respondent’s written answer is stricken as untimely, except as to any general denials that may have been raised prior to the late service of the written answer. The branch of the cross motion seeking an order to correct the clerk’s date stamp to reflect February 22, 2008 as the date of filing is denied.

. Previously, on October 29, 2007, the respondent was served with a “Combined Notice of Intention Not To Renew Lease And Notice Of Termination Due To Owner’s Occupancy.”

. The court notes that none of the parties in this case cited this decision in their motions or memoranda of law.

. RPAPL 735 (2) provides for filing “within three days after” service. In calculating the dates, Judge Kraus included the day of mailing as one of the three days. This court interprets the word “after” to allow for the three-day period to start the day following the mailing. Had Judge Kraus not included the date of mailing and then added three days the outcome would have been the same as the third day would have ended on Sunday, December 30, 2007.

. As noted, in Watson the filing was two days late and only one day prior to the return date. Here, the filing was within the three-day limit but it still fell one day short of the five-day period prior to the date the matter was noticed to be heard. As such, the error incurred in this case is less egregious than that in Watson.