F & V Realty Corp. v Deck Flatbush-1014, LLC (2025 NY Slip Op
50850(U))

[*1]

F&V Realty Corp. v Deck Flatbush-1014, LLC

2025 NY Slip Op 50850(U) [86 Misc 3d 129(A)]

Decided on May 23, 2025

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 23, 2025
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MARINA CORA MUNDY, J.P., LISA S. OTTLEY, JOANNE D.
QUIÑONES, JJ

2024-972 K C

F&V Realty Corp.,
Respondent,
against
Deck Flatbush-1014, LLC, Appellant, Dunkin' Donuts,
Nicholas R. Scola, Konstantino Skrivanos, 
 John Doe, Jane Doe, and XYZ Corp., Undertenants.

Wenig Saltiel, LLP (Dan Blumenthal and Meryl Wenig of counsel), for appellant.
Rebore, Thorpe & Pisarello, P.C. (Michelle S. Russo of counsel), for respondent.

Appeal from an order of the Civil Court of the City of New York, Kings County (L.
Austin D'Souza, J.), entered January 4, 2024. The order, insofar as appealed from, denied
the branch of a motion brought by, inter alia, Deck Flatbush-1014, LLC seeking to
dismiss so much of the petition in a commercial nonpayment proceeding as was asserted
against it.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In this commercial nonpayment proceeding, Deck Flatbush-1014, LLC (tenant)
appeals from so much of an order of the Civil Court (L. Austin D'Souza, J.) entered
January 4, 2023 as denied the branch of a motion brought by, inter alia, tenant seeking to
dismiss so much of the petition as was asserted against it. The basis for the motion was
that substituted service (see RPAPL 735 [1]) of the 14-day rent demand
(see RPAPL 711 [2] [requiring service "as prescribed in section seven hundred
thirty five of (RPAPL article 7)"]) was not completed, as the certificate of mailing failed
to list the specific unit of the building to which the required mailing was to be
delivered.
A process server's affidavit of proper service constitutes prima facie proof of such
service (see Wachovia Bank,
N.A. v Greenberg, 138 AD3d 984 [2016]; FV-1, Inc. v Reid, 138 AD3d 922 [2016]; LNV Corp. v Forbes, 122
AD3d 805 [2014]). Further, a properly executed affidavit of service raises a
presumption that a proper mailing occurred, where service was by mail (see Kihl v
Pfeffer, 94 NY2d 118 [1999]; Liriano v Eveready Ins. Co., 65 AD3d 524 [2009]).
"RPAPL [*2]735 (2) does not require that the proof of
service, which must be filed in order to commence a summary proceeding where service
is made by the permissible alternatives to personal service, include the certified mail
receipts" (1081 Flatbush Ave.,
LLC v Jadoo, 34 Misc 3d 136[A], 2011 NY Slip Op 52394[U], *1 [App Term,
2d Dept, 2d, 11th & 13th Jud Dists 2011]). 
Here, the affidavit of service itself clearly identified the ground floor store and
corresponding basement of the building as the unit served. Even assuming that a
handwritten certified mail receipt that does not include the ground floor is sufficient to
rebut the presumption created by the process server's affidavit of service that a proper
mailing occurred, in opposition to the motion to dismiss the petition, landlord submitted
an additional affidavit by the process server which explained the failure to include the
ground floor as part of the address on the certified mail receipt and confirmed that the
mailing itself did indeed properly identify the ground floor.
Tenant's remaining arguments are raised for the first time on appeal and we decline
to consider them (see Joe v
Upper Room Ministries, Inc., 88 AD3d 963 [2011]; Ellerby v Helman, 72 Misc 3d
133[A], 2021 NY Slip Op 50663[U] [App Term, 2d Dept, 2d, 11th & 13th Jud
Dists 2021]).
Accordingly, the order, insofar as appealed from, is affirmed.
MUNDY, J.P., OTTLEY and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 23, 2025