14-16 30th Rd., LLC v Hassan (2025 NY Slip Op 50849(U))

[*1]

14-16 30th Rd., LLC v Hassan

2025 NY Slip Op 50849(U) [86 Misc 3d 129(A)]

Decided on May 23, 2025

Appellate Term, Second Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on May 23, 2025
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : MARINA CORA MUNDY, J.P., LISA S. OTTLEY, JOANNE D.
QUIÑONES, JJ

2024-577 Q C

14-16 30th Road, LLC,
Respondent,
against
Walid Hassan, Appellant, "John Doe" and "Jane Doe",
Undertenants. 

Walid Hassan, appellant pro se.
Horing Welikson Rosen & DiGrugilliers, P.C. (Santo Golino of counsel), for
respondent.

Appeal from an order of the Civil Court of the City of New York, Queens County
(Logan J. Schiff, J.), dated April 26, 2024. The order denied tenant's motion to dismiss
the petition in a holdover summary proceeding.

ORDERED that the order is affirmed, without costs. 
Landlord commenced this holdover proceeding on October 15, 2020 by filing the
notice of petition and petition (see CCA 400 [1]), following the termination of
tenant's rent-stabilized tenancy based upon his alleged failure to execute his
rent-stabilized renewal lease. The notice of petition does not set forth a return date, in
compliance with Chief Clerk Memorandum 210. After the expiration of a stay based
upon an Emergency Rental Assistance Program application, by order dated March 6,
2024 (see 14-16 30th Road, LLC v Hassan, — Misc 3d —, 2025
NY Slip Op _____ [appeal No. 2024-307 Q C], decided herewith) the Civil Court
(Clifton A. Nembhard, J.), as is relevant here, set the initial return date for April 2, 2024,
and ordered landlord to re-serve the petition, along with a notice of petition amended to
reflect a return date of April 2, 2024, specifying that such service should comply with
RPAPL 733 (1).
Landlord served the amended notice of petition and petition personally on tenant on
March 21, 2024 and on John and Jane Doe via substituted service by delivery to tenant
on March 21, 2024 and mailing to John and Jane Doe via first class and certified mail on
March 22, 2024. The affidavits of service were filed via NYSCEF on March 25, 2024.
Tenant moved to dismiss [*2]the petition arguing that
substituted service of the notice of petition and petition on John and Jane Doe was
untimely because it was completed, upon the filing of the affidavit of service (see
RPAPL 735 [2] [b]), only eight days before the return date of April 2, 2024 in
violation of RPAPL 733 (1). By order dated April 26, 2024, the Civil Court (Logan J.
Schiff, J.) denied tenant's motion to dismiss the petition.
Service of a notice of petition and petition in a summary proceeding is governed by
RPAPL 735. A defense of personal jurisdiction based on improper service is "personal in
nature and may only be raised by the party allegedly improperly served" (Rhoe v Reid, 166 AD3d
919, 922 [2018]; see Wells
Fargo Bank, N.A. v Bachmann, 145 AD3d 712 [2016]; Home Sav. of Am. v
Gkanios, 233 AD2d 422 [1996]). Therefore, tenant may not raise a personal
jurisdiction defense on behalf of John or Jane Doe. Nor has tenant demonstrated that an
individual designated as John or Jane Doe is a necessary party to this proceeding that
would warrant dismissal of the petition as to all parties (see Cadman Towers, Inc. v
Barry, 31 Misc 3d 127[A], 2011 NY Slip Op 50452[U] [App Term, 2d Dept,
2d, 11th & 13th Jud Dists 2011]; Triborough Bridge & Tunnel Auth. v
Wimpfheimer, 165 Misc 2d 584 [App Term, 1st Dept 1995]).
In any event, landlord's late filing of the affidavit of service of the amended notice of
petition and the petition does not warrant dismissal. Although the affidavit of service was
filed outside of the 10- to 17-day window prescribed by RPAPL 733 (1), "jurisdiction
attaches when there has been delivery of the papers and mailing" (Siedlecki v Doscher, 33 Misc
3d 18, 20 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2011]; see
CCA 400 [2]). Indeed, the untimely filing of an affidavit of service is not a jurisdictional
defect and, absent any prejudice, which tenant did not allege, it can be disregarded
(see CPLR 2001; Siedlecki v Doscher, 33 Misc 3d 18; Friedlander v Ramos, 3 Misc
3d 33 [App Term, 2d Dept, 2d & 11th Jud Dists 2004]).
Accordingly, the order is affirmed.
MUNDY, J.P., OTTLEY and QUIÑONES, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: May 23, 2025