KATHERINE V. WOLFORD, Plaintiff, Impleaded with EURETHA K. WOLFORD, an Infant, by KATHERINE V. WOLFORD, Her Guardian ad Litem, Appellant, *v.* SAUL COPELON, Respondent, Impleaded with HARRY KAYE and Others, Defendants.

Third Department, July 6, 1934.

*John J. McManus*, for the appellant.

*Robert C. Killough, Jr.*, for the respondent.

RHODES, J. Plaintiff Katherine V. Wolford commenced an action herein by the service of a summons and complaint on the defendant Copelon, to which said defendant interposed an answer,

the complaint alleging an agreement between the plaintiff and defendants Copelon and Kaye by which plaintiff agreed to purchase certain lots of land from the said defendants, and a breach of the agreement on the part of the defendants, with other facts not now material.

By the answer of the defendant Copelon it was alleged that the contract in question was entered into by said Katherine V. Wolford as guardian of Euretha K. Wolford and that said Katherine V. Wolford individually had no interest in and was entitled to no benefits under or pursuant to said agreement. Thereupon the said Katherine V. Wolford, mother of said infant, on the application of the infant, was duly appointed guardian *ad litem* for and authorized to prosecute said action in behalf of said infant. The order of appointment was duly filed and a copy thereof served on the attorney for the defendant Copelon. By the terms of said order the said guardian *ad litem* was directed in behalf of said infant to prosecute said action " theretofore commenced." An amended summons and complaint and notice of pendency of action were filed in the proper clerk's office, wherein the said Katherine V. Wolford individually and as guardian *ad litem* for said plaintiff were named as plaintiffs against the said original defendants. With the said order served upon the defendant's attorney, there was also served a copy of said amended complaint. The said amended summons and complaint were made and filed and a copy of said amended complaint was served as aforesaid without any order directing the amendment or service thereof. Thereupon the defendant moved before the court below for an order dismissing such amended complaint as to the defendant Saul Copelon " on the ground that the court has no jurisdiction over the person of the defendant, Saul Copelon, in that there has been no summons in the above action served on the said defendant whereby this action was commenced." Pursuant to said motion the order appealed from herein was granted directing the dismissal of the amended complaint herein in so far as it relates to a cause of action by the plaintiff Euretha K. Wolford on the ground that it appears that the court has no jurisdiction of the person of said defendant Saul Copelon and the subject-matter of the amended complaint respecting the plaintiff Euretha K. Wolford.

By the opinion of the learned justice at Special Term it appears that the order was dismissed upon the theory that service of the amended complaint with its amended title upon the attorney for the defendant in the original action did not bring the person of that defendant and the subject-matter of the amended complaint within the jurisdiction of the court, so far as the added plaintiff was concerned.

The guardian *ad litem* having been duly appointed, had authority to commence an action against the defendant without any further order in the premises.

" Of the parties to the action those who are united in interest must be joined as plaintiffs or defendants except as otherwise expressly prescribed in this act. If the consent of any one who should be joined as a plaintiff cannot be obtained he may be made a defendant, the reason therefor being stated in the complaint." (Civ. Prac. Act, § 194.)

"All persons may be joined in one action as plaintiffs in whom any right to relief in respect of or arising out of the same transaction or series of transactions is alleged to exist whether jointly, severally or in the alternative, where if such persons brought separate actions any common question of law or fact would arise." (Civ. Prac. Act, § 209.)

It is true that section 192 of the Civil Practice Act provides that new parties may be added by order of the court, but the section, by its terms, is not mandatory as to the necessity for an order of the court therefor.

The plaintiffs above named, therefore, if united in interest, had the right to join as plaintiffs in the action against the defendant. Having this right, the plaintiff Katherine V. Wolford, as guardian *ad litem*, has seen fit to join in the action already commenced by her individually, the amended complaint stating that " plaintiffs " entered into the contract in question. As to their right thus to unite the defendant has no voice or volition. Plaintiffs have exercised the right conferred upon them by statute over which the defendant has no control except, perhaps, thereafter to move on the ground of misjoinder of parties plaintiff, which question is not now before us.

The procedure followed may have been irregular and it might have been better practice to have applied on notice for an order of joinder, but it is difficult to see how the defendant can object so long as the parties plaintiff joined by consent and thus did only what the statute contemplates and permits. No substantial right of the defendants has been lost or invaded. Had the prospective plaintiff moved on notice to the defendant for permission to join in the action already pending, a possible ground of objection which the defendant could have interposed would have been that a misjoinder of parties plaintiff would result, but as already suggested, the right to raise this question is still available to defendant. The question here is as to jurisdiction over the defendant, not whether he may have other grounds of complaint.

The court had jurisdiction of the defendant in the original action. The infant plaintiff, by her guardian *ad litem*, has seen fit to come into that action as a party plaintiff. It is still the original action although an additional party plaintiff has been added thereto, and the defendant having been brought into that action and rendered subject to the jurisdiction of the court, it was unnecessary to serve a further and amended summons upon him.

The question now before us is not one relating to irregularity, but to jurisdiction. Such jurisdiction having been previously obtained, subsequent irregularities may be corrected by the court. (See Civ. Prac. Act, §§ 105, 109; *Weil* v. *Martin*, 24 Hun, 645.)

The order should be reversed on the law, with costs and disbursements of the appeal to the appellant, and with ten dollars costs of the motion.

HILL, P. J., and HEFFERNAN, J., concur; McNAMEE and BLISS, JJ., dissent.

Order reversed on the law, with costs of the appeal to the appellant, and with ten dollars costs of the motion.