OPINION OF THE COURT
Robert L. Estes, J.
This summary proceeding to recover possession of real property was commenced by delivery to each of the respondents of a copy of the notice of petition and petition on or about August 19, 1983, returnable August 29, 1983. A notice to quit the premises July 31, 1983, dated May 24, 1983, was served upon Kathy North by personal delivery on June 14, 1983. According to the petition, the respondents have leased certain realty from the petitioner for approximately four years pursuant to a month-to-month tenancy, and petitioner seeks to evict the respondents, who allegedly are holding over in possession without permission after having been served with the notice required by the Real Property Actions and Proceedings Law.
On the return day of the petition, petitioner appeared by his attorney, who is a practicing attorney and who is also part-time Justice of the Justice Court of the Town of Franklin, New York, in which the disputed premises are allegedly located. The respondents appeared in person, and by their attorney, Peter Hill, Esq. The petitioner’s attorney handed up to the court the original notice of petition, petition and affidavits of service thereof, along with the original notice to quit with an affidavit of service thereon. Respondents, by their attorney, asserted two motions, nei *540 ther of which was in writing. The first requests an order of the court disqualifying his attorney from representing the petitioner on the grounds that continued representation would violate the Code of Judicial Conduct and the Code of Professional Responsibility, the assertion being that an attorney who is a part-time Town Justice cannot practice in the County Court of the county which encompasses his court. The basis for the assertion is that because summary proceedings are normally commenced in the local court, permitting the Judge of such a court to represent a person in such proceeding before a County Court creates an appearance of impropriety. The second motion requests an order dismissing the petition on the grounds that failure to file the petition and notice of petition with the court or the clerk thereof within three days after service is complete deprives the court of jurisdiction.
The' respondents’ attorney waived objection on the return date, to the lack of a notice of motion or affidavit in support of either of the motions by the respondents.
In view of the legislative intention to expedite claims of this nature by providing for summary proceedings, the court has determined to waive the technical defects in respect of the respondents’ motion and to address them on the merits.
DISQUALIFICATION
Article VI (§ 20, subd b, par [4]) of the New York Constitution prohibits the practice of law by Judges and Justices of the Court of Appeals, Supreme Court, Court of Claims, County Court, Surrogate’s Court and Family Court, as well as certain courts of the City of New York. It does not prohibit such practice by Town Justices. Subdivision c of that section of the Constitution provides that Judges of district, town, village and city courts outside the City of New York, are subject to rules of conduct which may be promulgated by the Chief Administrator of the Courts with the approval of the Court of Appeals. Section 100.5 (f) of the Rules of the Chief Administrator of the Courts (22 NYCRR) governing judicial conduct, and more particularly the practice of law by a Judge states that “[a] judge who is permitted to practice law shall, nevertheless, not practice law in the court in which he or she is a judge, whether *541 elected or appointed, nor shall a judge practice law in any other court in the county in which his or her court is located which is presided over by a judge who is permitted to practice law. He shall not participate in a judicial capacity in any matter in which he or she has represented any party or any witness in connection with that matter, and he or she shall not become engaged as an attorney in any court, in any matter in which he or she has participated in a judicial capacity.”
Judges presiding in the court in which this proceeding was commenced are not permitted to practice law, and so the section does not prohibit the petitioner’s attorney from practicing in this court, although he is prohibited from practicing in other courts which are presided over by Judges who are permitted to practice law. It is not required, then, that the petitioner’s attorney be disqualified in this case because of a constitutional prohibition or a rule which prohibits the practice of law by a Judge.
Respondents urge that petitioner’s attorney must be disqualified, and that some other lawyer must represent him, because summary proceedings are usually commenced in a local court. Of course, the petitioner’s attorney could not represent the petitioner in his own court, which would have jurisdiction to hear the matter, as he would then be sitting in judgment of his own client. It has also been held by the New York State Bar Association’s Committee on Professional Ethics (1972, opns Nos. 228, 263) and by the New York State Comptroller (opn, June 12, 1978) that a part-time Village Justice having criminal jurisdiction may not accept assignments at public expense to represent criminal defendants, nor represent clients in criminal matters in private practice. Neither body, though, has issued any opinion prohibiting a part-time Town Justice from practicing before a court of record in the county in which he sits, in a civil case. Nor is there any reason to do so. The Town Court is not the exclusive court in which summary proceedings may be heard, as the County Court has jurisdiction as well under the Real Property Actions and Proceedings Law. (RPAPL 701.) A petitioner represented by an attorney who happens to be a part-time Justice stands in no better position in this court than does *542 a petitioner or a respondent who is represented by an attorney who is not a part-time Justice, or is unrepresented by an attorney.
There is nothing improper in the representation of the petitioner by an attorney who is a part-time Town Justice, nor is there any reasonable interpretation of the posture of the representation in this case which gives the appearance of impropriety. The motion to disqualify the petitioner’s attorney is denied.
DISMISSAL FOR LACK OF JURISDICTION
Respondents urge that the failure to file the notice of petition and petition and proof of service thereof with the clerk of the court within three days of such service is a jurisdictional defect which requires dismissal of the petition. The court disagrees. The notice of petition and petition having been served by personal delivery upon the respondents, jurisdiction over their persons have been obtained. The case cited by the respondents in support of their motion to dismiss does not stand for the proposition that failure to file a petition as required by RPAPL 735 is a jurisdictional defect. That court merely notes noncompliance with that section, and expressly declares that it does not reach the issue raised by such failure because the defects in service were waived by the respondent by failure to plead the same. (Olivero v Duran, 70 Misc 2d 882, 884.) The value of the declaration regarding filing is of little consequence in any event, in light of the total failure of the petitioner in that case to serve, as well as to file, the process as required by law.
The filing requirements of RPAPL 735 (subd 2) are not unlike those contained in CPLR 308 (subds 2, 4), both of which require filing of the papers served and proof of service thereof, as evidence of the fact that jurisdiction has been obtained over the parties. They are not a prerequisite to the obtaining of jurisdiction, which is effected in summary proceedings by compliance with the portion of RPAPL 735 which precedes subdivision 2 thereof. (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C308:4, p 211.) The court has discretion to authorize a late filing of proof of service, and *543 in the exercise of its discretion in the present case, the court accepts the petitioner’s tender of the papers for filing on the return day of the proceeding.
By express declaration, service of the notice of petition and petition was complete upon the date of delivery to the respondents of copies of the notice of petition and petition (RPAPL 735). Unless a written answer was served upon the petitioner’s attorney on or before August 26, 1983, the right to submit a written answer has been waived under RPAPL 743. Nevertheless, in view of the petitioner’s omission to file the papers with the clerk of the court as required by RPAPL 735, and in view of the court’s decision to schedule a hearing in this matter to occur on Tuesday morning, September 6,1983, at 10:30 a.m., respondents are granted leave to indorse upon the petition at or before 5:00 p.m. on Thursday, September 1, 1983, their oral answer to the petition.
The respondents’ motion to dismiss the petition is denied.