■ MARSHALL HELFAND, Appellant, v SOL COHEN et al., Respondents.

The subject of this action is an undeveloped parcel of real property owned by the defendant Five Star Realty Corporation, a close corporation of which plaintiff is the president and a 20% shareholder. He brings this action, *inter alia,* to enjoin the sale of such property, Five Star's sole asset, to defendant Montauk-Star Island Realty Group, Inc. for $1,250,000 under a contract of sale which his fellow shareholders, the individual defendants herein, approved by a unanimous vote. Plaintiff bases his claim to relief on an alleged right of first refusal to purchase Five Star's property under a shareholders' agreement executed by him and the individual defendants. Although we disagree with Special Term's conclusion that it lacked personal jurisdiction over the defendants, we nevertheless affirm the denial of a preliminary injunction and the dismissal of the complaint pursuant to CPLR 3211 (a) (7), (8).

Plaintiff initially served the defendants with an order to show cause and underlying papers via certified mail in accordance with the provisions of the order to show cause. Thereafter, he reserved the defendants pursuant to CPLR 308 (1), (2) to obviate the jurisdictional objections which defendants raised in their cross motions to dismiss. Such reserve was entirely appropriate and served to cure the jurisdictional defects of which defendants complained (*see, Heusinger v Russo,* 96 AD2d 883; *Dashew v Cantor,* 85 AD2d 619). Moreover, that service was not as yet complete as to three of the individual defendants as of the adjourned return date of the motion for a preliminary injunction, did not deprive the court of jurisdiction to entertain the

motion. The purpose of requiring filing of proof of service, along with the 10-day grace period, pertains solely to the time within which a defendant must answer, and does not relate to the jurisdiction acquired by service of the summons (*see, Lancaster v Kindor,* 98 AD2d 300, 306; 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 308.16). Finally, plaintiff's service of a copy of the summons and complaint upon the individual defendants, who were also officers and directors of defendant Five Star, constituted effective service on both the individuals and Five Star (*Boyd v United States Mtge. & Trust Co.,* 187 NY 262; *Port Chester Elec. Co. v Ronbed Corp.,* 28 AD2d 1008).

Nevertheless, Special Term properly denied plaintiff's motion for a preliminary injunction since he failed to satisfy the three-prong test necessary for such relief (*see, Chrysler Realty Corp. v Urban Investing Corp.,* 100 AD2d 921; *Shelborne Beach Club v Hellman,* 49 AD2d 933). Specifically, plaintiff failed to establish a clear right to the relief he sought under the shareholders' agreement, i.e., the opportunity to acquire Five Star's property in his own behalf. The provisions of the shareholders' agreement upon which he relies provide for restrictions on the transfer of shares of Five Star by granting each shareholder a right of first refusal in the event that one or more shareholders desires to sell his shares. These provisions do not restrict the sale of the corporation's sole asset, and the mere fact that the agreement contains an evaluation mechanism whereby the value of the shares is measured in accordance with the fair market value of the corporation's property does not give rise to a right of first refusal in each shareholder to purchase the corporation's property. Plaintiff is equating the corporation's shares with its property. Following plaintiff's argument, if one of the shareholders decided to sell out his interest, the remaining shareholders would each have a right to purchase the property. How then would the right be exercised and the property distributed? This is but one example demonstrating that the parties to the shareholders' agreement could not have intended for each shareholder to have a right of first refusal to purchase the corporation's asset.

Moreover, to construe the agreement otherwise would be to ignore the fundamental distinction between the property interests of a shareholder and the property interests of the corporation. As the Court of Appeals has only recently stated: "It is well settled that the property interests of a shareholder and the corporation are distinct. '[T]he corporation in respect of corporate property and rights is entirely distinct from the stockholders who are the ultimate or equitable owners of its assets * * *

even complete ownership of capital stock does not operate to transfer the title to corporate property and * * * ownership of capital stock is by no means identical with or equivalent to ownership of corporate property.' (*Brock v Poor,* 216 NY 387, 401)" (*5303 Realty Corp. v O & Y Equity Corp.,* 64 NY2d 313, 323). For these reasons, plaintiff's argument that Five Star's shares and property are so inextricably intertwined as to be synonymous and that, therefore, his right of first refusal to purchase the shares translates into a right of first refusal to purchase its asset, was properly rejected. Accordingly, Special Term correctly dismissed plaintiff's first cause of action and his request for related preliminary injunctive relief, based on the shareholders' agreement.

The remaining causes of action of the complaint also were properly dismissed. The second cause of action alleged that the individual shareholders failed to comply with the requirements of Business Corporation Law § 909 in authorizing the proposed sale of Five Star's only asset. However, it was undisputed that Five Star was dissolved in 1981 by proclamation of the Secretary of State. Since Business Corporation Law § 1005, not § 909, governs corporate procedure following dissolution, the second cause of action failed to state a claim for relief. Finally, the third cause of action alleged that the individual defendants breached their fiduciary duties, *inter alia,* by negotiating the contract of sale without plaintiff's knowledge or consent. However, plaintiff makes no claim that the purchase price of the property was unfair or that the other claimed improprieties damaged him in any way. Indeed, he admits that he received notice of the special shareholders' meetings which were called and that he was not prevented from attending those meetings and registering his protests. A review of plaintiff's affidavits reveals that the essence of his claim is that negotiations were conducted secretly in order to deprive him of his right of first refusal, a right which we find he never had. Accordingly, the third cause of action, likewise, was properly dismissed. Titone, J. P., Thompson, Niehoff and Rubin, JJ., concur.