■ EDWARDO CONDE, Appellant, v ASIM ZAGANJOR et al, Defendants, and DARRYL A. PRINCE et al, Respondents. [886 NYS2d 829]—

In an action to recover damages for personal injuries and injury to property, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), entered June 16, 2008, which granted the motion of the defendants Darryl A. Prince and Consolidated Edison pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, and the respondents' motion pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against them is denied.

"[T]he requirement in CPLR 308 (4) that proof of service be filed with the clerk of the court within 20 days of affixing or mailing of the summons and complaint, whichever is effected later, 'pertains solely to the time within which a defendant must answer, and does not relate to the jurisdiction acquired by service of the summons' " (*Penachio v Penachio*, 27 AD3d 540, 541 [2006], quoting *Helfand v Cohen*, 110 AD2d 751, 752 [1985]; *see Lancaster v Kindor*, 98 AD2d 300, 306 [1984], *affd* 65 NY2d 804 [1985]; *see also Varon v Ciervo*, 170 AD2d 446, 448 [1991]). Thus, the Supreme Court erred in granting the motion of the defendants Darryl A. Prince and Consolidated Edison (hereinafter together the respondents) to dismiss the complaint insofar as asserted against them for lack of personal jurisdiction based solely on the plaintiff's failure to satisfy this requirement of CPLR 308 (4) by filing proof of service with the Queens County Clerk. The affidavits of service submitted by the plaintiff in opposition to the respondents' motion constituted prima facie evidence of proper service (*see e.g. Scarano v Scarano*, 63 AD3d 716, 716 [2009]), and nothing submitted by the defendants rebutted this showing. Further, contrary to the Supreme Court's determination, CPLR 308 was inapplicable to service upon Consolidated Edison, in any event, since that section applies only to service upon natural persons. Service upon Consolidated Edison, as a corporation, was effected pursuant to CPLR 311, which does not require the filing of proof of service.

The respondents' remaining contention is without merit. Mastro, J.P., Fisher, Angiolillo and Leventhal, JJ., concur.