■ In the Matter of UNITED SERVICES AUTOMOBILE ASSOCIATION, Respondent, v MAX KUNGEL, Appellant. [899 NYS2d 190]—

Order, Supreme Court, Bronx County (Geoffrey D. Wright, J.), entered May 18, 2009, which granted respondent's motion to reargue a prior order, same court and Justice, entered February 26, 2009, denying his motion to dismiss the petition seeking to stay arbitration, and, upon reargument, adhered to the prior order, unanimously affirmed, without costs.

The court correctly held that CPLR 2001 (as amended by L 2007, ch 529), applied, giving it the discretion to permit petitioner to correct its procedural mistake in commencement of its proceeding to stay the arbitration demanded by respondent. Although petitioner erroneously served the petition and notice of petition on respondent one day prior to purchasing an index number and filing process with the court (*see* CPLR 304, 306-a, 306-b; *see also Harris v Niagara Falls Bd. of Educ.*, 6 NY3d 155, 158 [2006]; *Matter of Gershel v Porr*, 89 NY2d 327, 332 [1996]), the recent amendment to CPLR 2001 was enacted expressly " 'to fully foreclose dismissal of actions for technical . . . non-prejudicial defects' in commencement . . . regardless of whether the defendant objected in a timely and proper man-

ner" (*John M. Horvath, D.C., P.C. v Progressive Cas. Ins. Co.*, 24 Misc 3d 194, 200 [Nassau Dist Ct 2009], quoting 2007 Rep of Advisory Comm on Civ Prac, at 24-25, reprinted in 2007 McKinney's Session Laws of NY, at 2207, 2219), so long as the "mistake, omission, defect or irregularity, including the failure to purchase or acquire an index number or other mistake in the filing process" does not prejudice a substantial right of a party (CPLR 2001). Petitioner otherwise satisfied all statutory filing deadlines, and therefore its petition was timely (*see* CPLR 306-b, 7503 [c]; *see also National Union Fire Ins. Co. v Hugee*, 173 Misc 2d 619, 620-622 [Sup Ct, NY County 1997]).

Respondent's contention that the procedural irregularities here deprived the court of personal jurisdiction over him has been waived as he failed to raise this argument until he submitted his reply in support of his motion for reargument (*see* CPLR 3211 [e]; *see e.g. Matter of Ballard v HSBC Bank USA*, 6 NY3d 658, 664-665 [2006]). In any event, the record shows that respondent received notice of the petition to stay arbitration through his attorney at the correct address one day prior to the proceeding being commenced in Supreme Court, and he has suffered no prejudice (*compare Parker v Mack*, 61 NY2d 114, 117-119 [1984]; *Matter of MRC Receivables Corp. v Taylor*, 57 AD3d 1000, 1001-1002 [2008]; *Matter of Lamb v Mills*, 296 AD2d 697, 698-699 [2002], *lv denied* 99 NY2d 501 [2002]).

We have considered respondent's remaining contentions and find them unavailing. Concur—Andrias, J.P., McGuire, Moskowitz, Acosta and DeGrasse, JJ.