OPINION OF THE COURT
Memorandum.
Ordered that the order, insofar as appealed from, is reversed, without costs, and tenants’ motion to dismiss the petition is denied.
In this owner’s use holdover proceeding, landlord, after filing the petition in the Civil Court, and obtaining an index number and the issuance by the clerk of a notice of petition on July 1, 2009, effected service of the petition and notice of petition on July 14, 2009 upon one of the two cotenants by personal delivery and upon the remaining cotenant by delivery to a person of suitable age and discretion and by mailing the papers within one day thereafter. The petition was returnable on July 21, 2009. The petition, notice of petition, and proof of service were filed with the court on July 17, 2009. Tenants moved to dismiss the petition on the ground that landlord had failed to file the notice of petition, petition and proof of service with the court at least five days before the return date of the petition and thus had failed to timely complete service with respect to the cotenant who had been served by substituted service (RPAPL 733 [1]; 735 [2] [b]). The Civil Court, relying on Riverside Syndicate, Inc. v Saltzman (49 AD3d 402 [1st Dept 2008]) and Berkeley Assoc. Co. v Di Nolfi (122 AD2d 703, 706 [1st Dept 1986]), ruled that “strict compliance” with the statutory requirement for the filing of proof of service was necessary to confer jurisdiction on the court and dismissed the petition. We disagree and reverse.
*20 As this court has previously noted, the Appellate Division in this judicial department has rejected the “strict compliance” approach to jurisdiction in summary proceedings, and has stated that summary proceedings are to be treated like other civil actions (see Lanz v Lifrieri, 104 AD2d 400 [1984]; Birchwood Towers #2 Assoc. v Schwartz, 98 AD2d 699 [1983]; see also 17th Holding v Rivera, 195 Misc 2d 531 [App Term, 2d & 11th Jud Dists 2002]; but see Clarke v Wallace Oil Co., 284 AD2d 492, 493 [2d Dept 2001]).
RPAPL 735 (2) (b) requires that the notice of petition and petition, together with proof of service, be filed within three days after the mailing to the respondent, when service is not made by personal delivery, and further provides that “such service shall be complete upon the filing of proof of service.” CPLR 308 (2) and (4), which govern service in actions by methods other than personal delivery, contain a similar requirement for the completion of service by filing proof of service. Under the CPLR provisions, it has been expressly held that the filing of proof of service is not jurisdictional in nature and that jurisdiction attaches when there has been delivery of the papers and mailing (see e.g. Conde v Zaganjor, 66 AD3d 947 [2d Dept 2009]; Helfand v Cohen, 110 AD2d 751 [2d Dept 1985]; Lancaster v Kindor, 98 AD2d 300, 306 [1st Dept 1984]). The same rule regarding the attachment of jurisdiction should obtain in summary proceedings.
Here, after the petition was filed, an index number obtained and a notice of petition issued, jurisdiction attached with the delivery and mailing of the initiatory documents. As no prejudice was shown to have resulted from the belated filing of proof of service, the error should have been disregarded (see CPLR 2001 [“At any stage of an action, including the filing of a . . . petition ... if a substantial right of a party is not prejudiced, (a) mistake, omission, defect or irregularity shall be disregarded . . .”]; cf. Goldenberg v Westchester County Health Care Corp., 16 NY3d 323 [2011] [where commencement is by filing, a court cannot excuse a plaintiffs total failure to file a summons within the statute of limitations period]).
Accordingly, the order, insofar as appealed from, is reversed and tenants’ motion to dismiss the petition is denied.
Weston, J.R, Golia and Rios, JJ., concur.