**Sun Star Props. Am., LLC v Meridius**

2025 NY Slip Op 31388(U)

April 14, 2025

Civil Court of the City of New York, New York County

Docket Number: Index No. LT-315577-24/NY

Judge: Adam R. Meyers

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
NEW YORK COUNTY, HOUSING PART A

SUN STAR PROPERTIES AMERICA, LLC,

Petitioner,

-against-

ANTONI MERIDIUS, MARIE PANYAYONG, and
JAVIER DUTRA,

Respondent.

Index No. LT-315577-24/NY

Motion Seq. 1, 2

**DECISION/ORDER**

Present: Hon. <u>Adam R. Meyers</u>
Judge, Housing Court

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of the motion:

| **Papers** | **NYSCEF Doc. Nos.** |
|---|---|
| Notice of Motion (Seq. 1) and supporting papers | 11-18 |
| Notice of Cross-Motion (Seq. 2) and supporting papers | 24-34 |
| Affirmation in Reply and supporting papers | 35-36 |

Upon the foregoing cited papers, the court's decision and order is as follows:

This summary holdover proceeding was commenced on September 3, 2024. Though the initial Thirty Day Notice alleged no cause for the termination of Respondents' tenancies (*see* Thirty Day Notice, NYSCEF Doc. No. 3), the Petition asserted a number of lease violations, including illegal short-term subletting and the occupancy of the unit by more people than permitted under the lease (*see* Petition, NYSCEF Doc. No. 1).

Respondent Marie Panyayong appeared by counsel on November 22, 2024, and interposed an answer on January 27, 2025. The answer asserted number of defenses and counterclaims, including a defense in relation to the service of the Petition and the filing of proof of service thereafter (*see* Answer, NYSCEF Doc. No. 9, ¶¶ 1-4). Respondent Antoni Meridius appeared by counsel on February 4, 2025.

On February 5, 2025, Respondents moved to dismiss the instant proceeding on several grounds. First, Respondents argue that Petitioner failed to comply with the requirements of RPAPL § 735 insofar as they relate to the filing of proof of service of the notice of petition and petition. Second, Respondents argue that dismissal is required insofar as Petitioner failed to plead the Premises and Respondent's tenancy as rent-stabilized in the petition. Third, Respondents argue that dismissal

1

[* 1]

is required insofar as Petitioner served no notice to cure before purporting to terminate Respondent's tenancy, in contravention of the requirements of the Rent Stabilization Code. And finally, Respondents argue that dismissal is required because Petitioner failed to include in and with the petition notice regarding the applicability of the Good Cause Eviction Law as required by RPAPL § 741 and RPL § 231-c.

On February 14, 2025, Petitioner cross-moved for relief including the entry of default against the non-appearing respondent and for leave to amend the petition to include the § 231-c notice.

The court will address the service-related defense first. Respondents argue that the court lacks personal jurisdiction over them because Petitioner failed to comply with the requirements of RPAPL § 735(2)(b). This section requires that proof of service be filed within three days after the mailing element of conspicuous placement service; Respondent asserts that Petitioner did not complete filing until six days after mailing. Respondent cites *Riverside Syndicate v Saltzman*, 49 AD3d 402 (1st Dept 2008), for the principle that a Petitioner must strictly comply with the filing requirements of § 735.

 Insofar as applicable to this case, RPAPL § 735(2)(b) requires that

> [t]he notice of petition, or order to show cause, and petition together with proof of service thereof shall be filed with the court or clerk thereof within three days after […] mailing to respondent, when service is made by [conspicuous placement service], and such service shall be complete upon the filing of the proof of service.

(RPAPL § 735[2][b]). Petitioner claims that its process server made attempts to personally serve the notice of petition and petition upon Respondents on September 23, which was a Monday, and September 24, which was a Tuesday. Having failed to find people at the premises during these attempts, Petitioner claims to have affixed true copies of these documents to the door of Respondents' apartment and to have mailed additional copies by regular and certified mail, all on September 24.

Given that the mailing purportedly occurred on September 24, and because the plain language of § 735 provided that proof of service be filed "within three days after […] mailing", Petitioner was required to file proof of service with the court on Friday, September 27 (*see generally* GCL § 20). It is undisputed that Petitioner failed to upload proof of service to NYSCEF until September 30, the following Monday. Thus, Petitioner failed to comply strictly with the requirements of § 735. Binding authority in the First Department would therefore seem to require the dismissal of this proceeding (*Riverside Syndicate v Saltzman*, 49 AD3d 402 [1st Dept 2008]; *125 E. 50th St., Co., Lessee, LLC v Credo Intl. Inc.*, 75 Misc 3d 134[A] [App Term, 1st Dept 2022]).

Petitioner offers four arguments against this conclusion. First, Petitioner argues that the proof of service was not actually filed late *vis-à-vis* the requirements of § 735(2)(b). The argument notes that under GCL § 20, when counting days from a given date, the initial date of the event in

[* 2]

question is to be excluded, and that when the final date falls upon a weekend, the deadline moves to the following business day. These rules are correctly stated in Petitioner's papers, but incorrectly applied. Excluding September 24 (Tuesday), September 25 (Wednesday) would be the 1st day thereafter, September 26 (Thursday) would be the 2nd day, and September 27 (Friday) would be the 3rd day. This third day was not a Saturday, Sunday, or public holiday, and so GCL § 25-a did not operate to extend the deadline until after the weekend. Therefore, Petitioner's filing on September 30 was late under § 735(2)(b).

Second, Petitioner argues that *Saltzman* is distinguishable from these facts. In *Saltzman*, the argument goes, the First Department's analysis turned on the petitioner's failure to satisfy the requirement of RPAPL § 733 that the pleadings be served at least five days before the proceeding's initial return date.[1] That case involved § 735(2) only to the extent that the latter section provided that service was deemed "complete" only after proof of service was filed. Petitioner notes that because service was completed by filing on September 30, service occurred more than five days before the initial October 8 return date. But Petitioner fails to note the Housing Stability and Tenant Protection Act of 2019's amendment to § 733 (L 2019, ch 36, § 1, part M, § 15). That section now requires that service be completed at least ten and no more than seventeen days before the initial return date. Here, service was completed by filing only eight days before the initial return date. Thus, *Saltzman* is not meaningfully distinguishable.

Petitioner's third argument is that the service defect is curable by amendment of the petition. In footnote 1, Petitioner's counsel writes:

> If there is any defect in service, the filing of an amended Petition (and an affidavit of service dated the same day) and/or the court granting permission to amend the Petition, with a new affidavit of service would moot [the § 735 argument]

(*see* Van Malden Aff., NYSCEF Doc. No. 25, p. 6, fn. 1). But this argument is unpersuasive. While it is true that a pleading amended as of right under CPLR § 3025(a) can resolve a variety of pleadings defects and may be treated as an original pleading for purposes of the claims or defenses a party is permitted to include (*see, e.g., Iacovangelo v Shepherd*, 5 NY3d 184, 187 [2005]), Petitioner offers no authority for the proposition that technical defects relating to the time of filing can be corrected in this manner.

If Petitioner were seeking to correct or disregard this error under CPLR § 2001 rather than under § 3025, it would find support among decisions of other courts (*see, e.g., Siedlecki v Doscher*, 33 Misc 3d 18, 20 [App Term, 2d Dept 2011]; *Nardeo v. Diaz,* 82 Misc 3d 1092, 1100 [Civ Ct, Bx Cnty 2024]). With *Siedlecki*, the Appellate Term for the Second Department observed that that Department had rejected the "strict compliance" approach and held that defects under RPAPL § 735(2)(b) could be disregarded under CPLR § 2001 (*Siedlecki*, 33 Misc 3d at 20; *see also Columbia Leasing L.P. v Williams*, 80 Misc 3d 884, 887-888 [Civ Ct, Qns Cnty 2023]). In *Nardeo*, a decision

---

[1] Along these lines, the court in *208 W 20th St. LLC v Blanchard*, 76 Misc 3d 505 [Civ Ct, NY Cnty 2022], contrasted "short" filing under § 733 with "late" filing under § 735.

[* 3]

of the housing court in Bronx County, the court reasoned that *Saltzman* is at odds with the general trend away from strict compliance—exemplified by the 2007 amendments to CPLR § 2001 and *Ruffin v Lion Corp.*, 15 NY3d 578 [2010]—and disregarded a § 735(2) defect (82 Misc 3d at 1103). However, in the view of this court, the Appellate Term indicated in *East 50th Street, Co., Lessee, LLC v. Credo International Inc.*, 75 Misc 3d 134(A) [App Term, 1st Dept 2022], that *Saltzman* remains binding in the First Department, and so § 2001 would not rescue Petitioner.

Finally, Petitioner argues that this defense has been waived by Respondents. Specifically, Petitioner asserts that when Respondents Panyayong and Meridius[2] appeared by the Notice of Appearance of their counsel without simultaneously filing an answer or motion asserting a personal jurisdiction defense, that defense was waived. CPLR § 320(b) provides that subject to limited exceptions, "an appearance of the defendant is equivalent to personal service of the summons upon him," unless the defendant asserts a defense sounding in personal jurisdiction in an answer or motion to dismiss. Indeed, there is substantial appellate authority finding waiver of jurisdictional defenses where respondents have noticed their appearance without asserting those defenses by answer or motion (*see, e.g., JP Morgan Chase Bank v Jacobowitz*, 176 AD3d 1191, 1192 [2d Dept 2019]; *Cadlerock Joint Venture, L.P. v Kierstedt*, 119 AD3d 627, 628 [2d Dept 2014]). While Respondents' notices of appearance include language that the appearance is "without consenting to the jurisdiction of the court[,]" (*see* Notice of Appearance, NYSCEF Doc. No. 7), language of this sort "is not a talisman to protect the defendants from their failure to take timely and appropriate action to preserve their defense of lack of personal jurisdiction" (*Jacobowitz*, 176 AD3d at 1192-1193).

Ultimately, though, this argument fails as well. As an initial matter, and despite the language used in Respondents' moving papers, a defense relating to the failure to timely file proof of service under RPAPL §§ 733 and 735 does not sound in personal jurisdiction (*see Matter of Savitt*, 161 AD3d 109, 115 [1st Dept 2018]). Where a defense does not dispute the actual delivery of the papers, but only the filing of proof thereafter, the issue is considered a procedural defect rather than a problem of personal jurisdiction (*id.* [explaining that personal jurisdiction was obtained upon delivering and mailing the pleadings, irrespective of the late filing of proof of service]).

Even if the failure to timely file proof of service did implicate personal jurisdiction, several judges of this court have questioned how *Jacobowitz* and § 320 should be applied in summary proceedings (*see, e.g., Services for the Underserved, Inc. v Mohammed*, 79 Misc 3d 1205(A) [Civ Ct, Bx Cnty 2023]; *Plaza Borinquen 88 Owner II LP v Montalvo*, 82 Misc 3d 1223(A) [Civ Ct, Bx Cnty 2024]; *Lindsay Partners LLC v Young*, 83 Misc 3d 1294(A) [Civ Ct, Kings Cnty 2024]). Those courts have urged that rather than finding waiver immediately upon the filing of a notice of appearance without an answer or motion asserting a personal jurisdiction defense, the analysis should consider the extent of the delay between the appearance and the assertion of the defense in question (*Compare Mohammed*, 79 Misc 3d 1205(A) [jurisdictional defense waived by nine-month delay between appearance and answer], *with Montalvo*, 82 Misc 3d 1223(A) [no waiver with

---

[2] Petitioner's papers apparently failed to recognize that Respondents' counsel noticed an appearance with respect to Meridius shortly before the filing of their motion to dismiss, but the same argument made with respect to Panyayong would seem to apply in her case.

4

[* 4]

three week delay], *and Young*, 83 Misc 3d 1294(A) [no waiver with six day delay]). This flexible application would seem to be consistent with the lack of a strict statutory deadline for the interposition of an answer in a holdover proceeding (RPAPL § 743 [answer due "at the time when the petition is to be heard"]; *Crotona Parkway Apts. HDFC v Depass*, 68 Misc 3d 1226(A) [Civ Ct, Bx Cnty 2020] [recognizing that § 743 "has routinely been interpreted" to extend the time to file an answer with each adjournment"]) and with the apparent legislative intention that rules regarding the waiver of jurisdictional defenses be relaxed in summary eviction proceedings (*see* CPLR § 3211[e] [exempting consumer credit transactions under RPAPL § 711(1) and (2) from the provision waiving a jurisdictional defense where a respondent has not moved for dismissal within 60 days after including the defense in the answer]).

Here, a notice of appearance was filed on behalf of Panyayong on November 22, 2024. Three days later, on the case's second return date—the first after an initial adjournment for Respondents to secure counsel—a two-attorney stipulation was filed extending Panyayong's time to interpose an answer until January 27, 2025. For Meridius, a notice of appearance was filed on February 4, a single day before Respondents filed the instant motion to dismiss. Under these circumstances, the court finds no waiver.

For these reasons, Respondents' motion is GRANTED and the proceeding is dismissed without prejudice. Respondent's remaining arguments and Petitioner's cross-motion are denied as academic.

This constitutes the decision and order of the court.

Dated: New York, New York
       April 14, 2025

_____
Hon. Adam R. Meyers
Judge, Housing Court

[* 5]