Emerald Green Phase II L.P. v Rivera (2025 NY Slip Op 50916(U))

[*1]

Emerald Green Phase II L.P. v Rivera

2025 NY Slip Op 50916(U)

Decided on June 5, 2025

Civil Court Of The City Of New York, Kings County

Cohen, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 5, 2025
Civil Court of the City of New York, Kings County

Emerald Green Phase II L.P., Petitioner,

against
Tiffany Rivera, Respondent, "Doe #1" and/or "Doe#2", Respondent(s)-Undertenant(s).

Index No. LT 314949-24

Hannah Cohen, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of respondent's motion to dismiss pursuant to CPLR 3211(a)(8), RPAPL 735(2), RPAPL 733(1) and CPLR 3211(a)(7), RPAPL 741(5) and petitioner's cross motion to have the affidavit of service timely filed and to amend the petition to include Good Cause Eviction Law compliance and ensuing opposition and reply.
Papers Numbered
Notice of Motion 1
Cross Motion 2
Cross Motion 3
Opposition 4
Upon the foregoing cited papers, the Decision and Order on these Motions are as follows:
Petitioner commenced this holdover proceeding in May 2024 after service of a ten day notice to vacate. Petitioner alleges that the tenant of record Chantey Elliott signed a 30 day notice to vacate on December 30, 2023 which the petitioner received in February 2024 and was then subsequently advised by the tenant of record that they left a friend, Tiffany Rivera in the unit. The court on July 29, 2024 assigned an initial court date of January 13, 2025. On January 16, 2025 NYLAG filed a notice of appearance. Respondent by motion seeks dismissal pursuant to CPLR 3211(a)(8) and RPAPL 735 (2) for lack of personal jurisdiction, dismissal pursuant to CPLR 3211(a)(8) and RPAPL 733(1) for lack of personal jurisdiction and dismissal pursuant to CPLR 3211(a)(7) and RPAPL 741(5) for failure to state a cause of action in that the petitioner failed to comply with the Good Cause Eviction Law. The premises is rent stabilized and subject [*2]to a regulatory agreement administered by DHPD and receives a tax credit pursuant to section 421A of the Internal Revenue Code.
Respondent seeks dismissal as the court lacks jurisdiction over the respondent pursuant to RPAPL 735(2) in that the affidavit of service was not filed within three days of service of the notice of petition and petition and was not served within 10-17 days before the petition was to be heard pursuant to RPAPL 733(1), and per RPAPL 741(5) in that the petitioner failed to comply with the Good Cause Eviction Law.
Petitioner moves by motion to have the affidavit of service deemed filed and notes that the petition was timely served and its failure to upload the affidavit of service was due to law office error and is amendable. Attached to the motion is the affidavit of service. Petitioner also moved to amend the petition to comply with the provisions of Good Cause Law Eviction and notes the premises is exempt from the protections of GCEL pursuant to RPL 214(5) in that the premises rents and evictions are subject to local, state or federal law as the premises is a Low Income Tax Credit building, is rent stabilized and has a regulatory agreement with DHPD.
RPAPL 735(2) holds that: The notice of petition, or order to show cause, and petition together with proof of service thereof shall be filed with the court or clerk thereof within three days after personal service or mailing to respondent, and such service shall be complete upon the filing of proof of service. NY Real Prop. Acts. Law § 735 (McKinney). Respondent argues that the late filing of affidavit of service, an RPAPL § 735(2) defect, requires dismissal. Petitioner counters that dismissal is not appropriate where there is substituted personal service and petitioner complies with requirements of RPAPL § 733(5) and where the pleadings are sought to be amended and any defects are de minimis and does not prejudice the respondent.
Respondent relies on the holding in Riverside Syndicate Inc. v. Saltzman, 49 AD3d 402, 852 N.Y.S.2d 840 [1st Dept. 2008], which cites to Berkeley Assoc. Co. v. Di Nolfi. (see 122 AD2d 703, 705, 505 N.Y.S.2d 630 [1st Dept. 1986]) ("A summary proceeding is a special proceeding 'governed entirely by statute and it is well established that there must be strict compliance with statutory requirements to give the court jurisdiction.' "). Petitioner opposes dismissal and cross moved to file the affidavit of service, noting the lateness does not prejudice the respondent as pleadings are freely amendable.
Before the court is whether the late filing of an affidavit of service, an RPAPL § 735 (2) defect, requires dismissal of the proceeding as a "jurisdictional" defect or is a de minimis error subject to correction in the absence of prejudice. In Saltzman, the Appellate Division, First Department dismissed a summary proceeding because the landlord failed to "complete" service of the notice of petitions and petitions by filing proof of service at least five days prior to the date the petitions were noticed to be heard as required by RPAPL § 733 (id.). There was a one-day delay in filing proof of service of the petition (id.). The Appellate Division noted "a summary proceeding is a special proceeding 'governed entirely by statute and it is well established that there must be strict compliance with the statutory requirements to give the court jurisdiction.' " (id. at 402 [emphasis added]). Saltzman held that the late filing of the affidavit deprives the court of "jurisdiction," because absent strict compliance with the statute, the proceeding must be dismissed (ZOT, Inc. v Watson, 20 Misc 3d 1113[A] [Civ Ct, Kings County 2008]).
However, three years after Saltzman, the Appellate Division in [the Second Department] rejected the 'strict compliance' approach to jurisdiction in summary proceedings" and concluded [*3]that "the filing of proof of service is not jurisdictional in nature and that jurisdiction attaches when there has been delivery of the papers and mailing" and that an untimely filing is a non-prejudicial error that can be disregarded pursuant to CPLR 2001 (Siedlecki v Doscher, 33 Misc 3d 18, 20 [App Term, 2d Dept, 11th & 13th Jud Dists 2011]; see also Columbia Leasing L.P., 80 Misc 3d at 887; M&S Queens Realty LLC v London, 79 Misc 3d 788, 790 [Civ Ct, Queens County 2023]). In support of its holding the Appellate Term in Siedlecki cited to two Appellate Division cases, Lanz v Lifrieri (104 AD2d 400, 401 [2d Dept 1984]), where the court "treat[ed] summary proceedings the same as any other type of civil case" and "refused to consider de minimis variations from strict compliance as jurisdictional defects" and Birchwood Towers No. 2 Assocs. v Schwartz (98 AD2d 699, 700 [2d Dept 1983]), where the court held that a "petition in a summary proceeding is no different than a pleading in any other type of civil case." The Appellate Term in Siedlecki noted that under CPLR 308 (2) and (4), which contains a similar requirement for the completion of service by filing proof of service, the Second Department expressly held that the filing of proof of service is not jurisdictional in nature and that jurisdiction attaches when there has been delivery of the papers and mailing (see e.g. Conde v Zaganjor, 66 AD3d 947 [2d Dept 2009]; Helfand v Cohen, 110 AD2d 751 [2d Dept 1985]) and held that the "same rule regarding the attachment of jurisdiction should obtain in summary proceedings" (Siedlecki, 33 Misc 3d at 20). This conflicting Saltzman and Siedlecki holdings "have placed the trial courts in the Second Department in a predicament" (Columbia Leasing L.P., 80 Misc 3d at 887). Generally the doctrine of stare decisis requires trial courts in this department to follow precedents set by the Appellate Division of another department until the Court of Appeals or the Appellate Division, Second Department pronounces a contrary rule (Mountain View Coach Lines, Inc. v Storms, 102 AD2d 663, 664 [2d Dept 1984]).
However in 2007 CPLR §2001 was amended in 2007 "to clarify that a mistake in the method of filing, as opposed to a mistake in what is filed, is a mistake subject to correction in the court's discretion" (Sponsor's Mem, Bill Jacket, L 2007, ch 529) and to read as follows: "At any stage of an action, including the filing of a summons with notice, summons and complaint or petition to commence an action, the court may permit a mistake, omission, defect or irregularity, including the failure to purchase or acquire an index number or other mistake in the filing process, to be corrected, upon such terms as may be just, or, if a substantial right of a party is not prejudiced, the mistake, omission, defect or irregularity shall be disregarded, provided that any applicable fees shall be paid." The purpose of the amendment was to "... amend the CPLR to give the court discretion to correct or ignore mistakes or omissions occurring at the commencement of an action that do not prejudice the opposing party, in the same manner and under the same standards that it already does with regard to all other non-prejudicial procedural events." (NY Bill Jacket, 2007 S.B. 3563, Ch. 529; see also, Miller v. Waters, 51 AD3d 113, 117, 853 N.Y.S.2d 183 [3rd Dept. 2008]).
It had long been the case that irregularities could be corrected [or overlooked] if jurisdiction over a party is obtained. (see Wolford v. Copelon, 242 A.D. 91, 94, 273 N.Y.S. 186 [3rd Dept. 1934] (applying Civil Practice Act § 105, from which CPRL § 2001 is derived [without substantive change]; People ex rel. De Leo v. Edwards, 247 A.D. 331, 334, 286 N.Y.S. 840 [2nd Dept. 1936]). When the legislature amended § 2001 in 2007, it reaffirmed that it should be liberally applied. (see NY Spons. Memo., 2007 S.B. 3563).
In 2010, the Court of Appeals addressed the amended § 2001 in the case of Ruffin v. Lion Corp., 15 NY3d 578 [2010]. The court held that failure to comply with CPLR § 3136 was a "mere irregularity that could be disregarded", rather than a jurisdictional defect requiring dismissal. The Court found that § 2001's intended purpose—to allow courts to correct or disregard technical, non-prejudicial defects occurring at commencement—applied equally to defects in filing and service. (15 NY3d at 582, 915 N.Y.S.2d 204, 940 N.E.2d 909; see also Tudeme v. Walters, 35 Misc 3d 1217(A), 3, 2012 WL 1468095 [Sup. Ct., New York County 2012]).
The Ruffin court formulated a test to determine when a defect can be considered a mere "technical infirmity." "In deciding whether a defect in service is merely technical, courts must be guided by the principle of notice to the defendant—notice that must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." (id. at 582, 915 N.Y.S.2d 204, 940 N.E.2d 909, citing Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 [1950]. Numerous decision have found that CPLR 2001 applies to summary proceedings (See Siedlecki v. Doscher, 33 Misc 3d 18, 20, 931 N.Y.S.2d 203 [App. Term, 2nd Dept., 2nd, 11th & 13th Jud. Dists. 2011]; Teacher's College v. Wolterding, 77 Misc 2d 81, 82, 351 N.Y.S.2d 587 [App. Term, 1st Dept. 1974]; Dupont Realty, LLC v. Garcia, 73 Misc 3d 128(A), 1, 2021 WL 4303875 [App. Term, 1st Dept. 2021]; Blenheim LLC v. Il Posto LLC, 14 Misc 3d 735, 738, 827 N.Y.S.2d 620 [Civ. Ct., New York County 2006], citing 3 Dolan, Rasch's Landlord and Tenant, Summary Proceedings § 43:3 [2006]).
Every Judicial Department has cited to § 2001 [and the Ruffin test] in being lenient when analyzing initiatory defects. (see *1099 United Services Auto. Ass'n v. Kungel, 72 AD3d 517, 899 N.Y.S.2d 190 [1st Dept. 2010] (petition served prior to purchasing index number); James v. iFinex Inc., 185 AD3d 22, 127 N.Y.S.3d 456 [1st Dept. 2020]; Oneida Public Library Dist. v. Town Bd. of Town of Verona, 153 AD3d 127, 59 N.Y.S.3d 524 [3rd Dept. 2017] (lack of return date on petition]); Matter of Miller v. Waters, 51 AD3d 113, 116, 853 N.Y.S.2d 183 [3rd Dept. 2008]); Bender v. Lancaster Cent. School Dist., 155 AD3d 1590, 63 N.Y.S.3d 790 [4th Dept. 2017] (no return date on petition); Matter of Naomi R. v. New York State of Off. Of Children & Family Servs., 216 AD3d 1235, 188 N.Y.S.3d 770 [3rd Dept. 2023].
Clearly the holding in Saltzman conflicts with binding precedent from the Court of Appeals and all four Appellate Divisions. A number of City Courts and County Courts in the Second Department that have held that the late filing of the affidavit of service is a de minimis defect where the respondent has not been prejudiced in a summary proceeding (see e.g. Columbia Leasing L.P., 80 Misc 3d at 886; Martin v Sandoval, 46 Misc 3d 1216[A] [City Ct, City of Peekskill 2015]; Djokic, 22 Misc 3d at 936; ZOT, Inc., 20 Misc 3d at 1113[A]; Eiler v North, 121 Misc 2d 539, 542 [Co Ct, Delaware County 1983]; Dupont Realty, LLC v Garcia, 73 Misc 3d 128[A] [App. Term, 1st Dept 2021]; W. End Heights, LLC v Sobrado-Torres, 82 Misc 3d 1216[A] [City Ct, Tompkins County 2024]; Plaza Borinquen 88 Owner II LP, 82 Misc 3d at 1223[A]; Nardeo 2024 WL 371966, ; Djokic v Perez, 22 Misc 3d 930, 936 [Civ Ct, Kings County 2008]).
Herein, the late filing of the affidavit of service is a technical infirmity within the scope of CPLR 2001 and does not warrant dismissal. Furthermore, the Second Department has on [*4]numerous occasions held that failure to file timely proof of service also does not constitute a jurisdictional defect, but rather a procedural irregularity that may be cured by motion or sua sponte by the court in its discretion pursuant to CPLR 2001 and 2004 (Li v Joffe, 210 AD3d 737, 739 [2d Dept 2022]; First Fed. Sav. & Loan Assn. of Charleston v Tezzi, 164 AD3d 758, 760 [2d Dept 2018]; Khan v Hernandez, 122 AD3d 802, 803 [2d Dept 2014]). Furthermore, the filing of proof of service does not relate to the jurisdiction of the Court, which is acquired by the service of the summons or, in this case, by the service of the petition and notice of petition (Martin, 46 Misc 3d 1216[A]; see Helfand v Cohen, 110 AD2d 751, 752 [2d Dept 1985].
Here, respondent has not demonstrated sufficiently that she was prejudiced by the late filing of an affidavits of service. As such, the Court finds that the failure to file the affidavit of service within three days is a "mere technical infirmity which should be disregarded by the [C]ourt" pursuant to CPLR 2001 (Nardeo, 2024 WL 371966).
Respondent seeks dismissal pursuant to RPAPL § 733[1], which provides, "The notice of petition and petition shall be served at least ten and not more than seventeen days before the time at which the petition is noticed to be heard." If service of the notice and petition is made by alternate service, RPAPL § 735[2][b] provides that "proof of service shall be filed with the court within three days after mailing to the respondent" and "such service shall be complete upon the filing of proof of service."
RPAPL 733(1) as amended by the Housing Stability Protection Act of June 2019, holds that the notice of petition and petition must be served at least ten days and not more than seventeen days before the return date. Again the Second Department takes a practical approach in situations like this finding failure to file timely "a technical defect that does not prejudice any party". In the case of Friedlander v. Ramos, 3 Misc 3d 33, 779 N.Y.S.2d 327 (App. Term 2004), the Appellate Term allowed for the filing of proof of service nunc pro tunc to meet the provisions of RPAPL 735(2). As stated in Ramos, "The object of RPAPL 733(1) service requirement is to ensure that respondents receive adequate notice and an opportunity to prepare any defense they may have." The second department has also noted that the holding of MSG Pomp Corp. v. Doe, supra, upon which the Appellate Division, First Department, relies in reaching its decision in Saltzman is no longer followed in this Department. See Paikoff v. Harris, 185 Misc 2d 372, 713 N.Y.S.2d 109 (A.T. 2 & 11).
Here the affidavit of service notes substituted service upon a Jane Doe on January 2, 2025 at 7:13 pm and mailing one day later on January 3, 2025. The case was noticed to be heard on January 13, 2025. Therefore the service of the petition and notice of petition was served within 10-17 days of the initial court date and complies with the provisions of RPAPL 733(1). The mere late filing of the affidavit of service does not impact the courts jurisdiction and is a de minimis oversight. Under the CPLR provisions, it has been expressly held that the filing of proof of service is not jurisdictional in nature and that jurisdiction attaches when there has been delivery of the papers and mailing (see e.g. Conde v Zaganjor, 66 AD3d 947 [2d Dept 2009]; Helfand v Cohen, 110 AD2d 751 [2d Dept 1985]; Lancaster v Kindor, 98 AD2d 300, 306 [1st Dept 1984]). The same rule regarding the attachment of jurisdiction should obtain in summary proceedings; Siedlecki v. Doscher, 33 Misc 3d 18, 20, 931 N.Y.S.2d 203 (App. Term 2011). Respondent's motion to dismiss pursuant to CPLR 3211(a)(8) and RPAPL 733(1) is denied. 
Respondent seeks dismissal as well pursuant to CPLR 3211(a)(1) and (7) in that [*5]petitioner failed to assert why the premises is exempt from the Good Cause Eviction Law, herein ("GCEL") that went into effect on April 20, 2024.
In opposition petitioner asserts exemption from the Good Cause Eviction Law protections pursuant to RPL 214(5) as the regulation of rents and eviction is subject to local, state or federal rules or regulations and subject to the Low Income Tax Credit, regulatory agreement with DHPD and the premises are rent stabilized.
Courts have held that under a motion to dismiss pursuant to CPLR 3211(a)(1) dismissal is only warranted where the documentary evidence utterly refutes the plaintiff's factual allegations and conclusively establishes a defense as a matter of law (Goshen v Mut. Life Ins. Co. of NY, 98 NY2d 314 [2002].
The courts role in determining a motion to dismiss, is limited to determining whether the complaint state a cause of action (Frank v Daimler Chrysler Corp., 292 AD2d 118 [AD 1st Dept 2002]). The standard is not whether a party has artfully drafted the pleadings, but whether deeming the pleading to allege whatever can be reasonably implied for its statements, a cause of action may be sustained (Stending Inc. v Thom Rock Realty co., 163 AD2d 46 [AD 1st Dept 1990]). The pleading must be liberally construed and the court must accept the allegations as true, and if the allegations manifest any cognizable cause of action, the motion must be denied (See Fishberger v Vos, 51 AD3d 627 [2nd Dept 2008]). In seeking dismissal, the proffered documents must "utterly refute" the allegations in the plaintiff's complaint, "conclusively and the court must determined whether accepting as true the factual allegations in the petition and according the plaintiffs the benefits of any favorable inferences, the plaintiff can succeed upon any reasonable views of the facts and whether the pleadings have a cause of action (See Rochdale Village Inc., v Zimmerman, 2 AD3d 827 [AD 2nd Dept 2003]). The evidence must be unambiguous and of undisputed authenticity and resolve all factual issues as a matter of law (Fortis Fin Servs. v Fimat Futures USA, 290 AD2d 383 [A.D. 1st Dept 2002].
GCEL RPL 214(5) states that no tenant may be evicted except for good cause except a "unit on or within a housing accommodation where such unit is otherwise subject to regulation of rent or evictions pursuant to local, state or federal law, rule or regulation."
For any eviction proceeding commenced on or after date that Good Cause Eviction Law (GCEL) was enacted, a petitioner must plead if the housing accommodation is subject to GCEL and, in the case of covered units, it must demonstrate a statutory good cause ground for removal. NY Real Property Law § 216; NY RPAPL § 741.New York's Good Cause Eviction Law (GCEL) was enacted on April 20, 2024 (L 2024, ch 56, part HH). The statute imposes several new notice provisions obligating landlords to state if the housing accommodations are subject to Good Cause in lease offers and pre-eviction notices (id. at §§ 2-5). While these notice requirements were not phased in until August 18, 2024, one hundred twenty days after the effective date of the statute (L 2024, ch 56, part HH, § 7(a)), the remaining portions of GCEL "take effect immediately and shall apply to actions and proceedings commenced on or after such effective date [April 20, 2024]" (L 2024, ch 56, part HH, § 7). This includes § 1 of GCEL, which adds Article 6-A to the Real Property Law (RPL) and provides that a GCEL-covered tenant can only be removed from possession based on one of the Good Cause grounds enumerated in RPL 216(1)(a)-(j). Thus, for any eviction proceeding commenced on or after April 20, 2024, a petitioner must plead if the housing accommodation is subject to GCEL (see RPAPL 741), and in [*6]the case of covered units it must demonstrate a Good Cause ground for removal (see RPL 216). See (QN St. Albans Holdings LLC v. Sands, 85 Misc 3d 275, 277, 219 N.Y.S.3d 856, 857—58 [NY Civ. Ct. 2024]). Section 3 of the statute adds § 231-C to the RPL. (L 2024, ch 56, part HH, § 3). RPL § 231-C requires landlords "append to or incorporate into any ... petition pursuant to section seven hundred forty-one of the real property action and proceeding law" (hereinafter "RPAPL § 741") the notice to tenants regarding, inter alia, information as to whether a specific unit is subject to the GCEL. (L 2024, ch 56, part HH, § 3[1]). Section 5 of the GCEL amends § 741 to add two new subdivisions, 5-a and 5-b. (L 2024, ch 56, part HH, § 5) which require a landlord to "plead if the housing accommodation is subject to GCEL, (see RPAPL § 741), and in the case of covered units it must demonstrate a Good Cause ground for removal." (See RPL § 216; QN St. Albans Holdings LLC. v. Sands, 85 Misc 3d 275, 277-78, 219 N.Y.S.3d 856, 858 [Civ. Ct. Queens County 2024]).
Respondent seeks dismissal per 3211 (a)(1) (7) for failure to comply with GCEL requirements. Petitioner cross-moves to amend their petition to comply with RPAPL § 741(5)(a) and (b) by submitting the GCEL notice noting the premises is exempt from GCEL per RPL 214(5). A party may seek leave to amend its pleadings at any time. (CPLR § 3025[b]). Permission to amend pleadings should be "freely given" absent prejudice or surprise resulting directly from the delay. (Edenwald Contracting Co., Inc. v. City of New York, 60 NY2d 957, 959 [1983], [quoting CPLR 3025(b)]; Lanpont v. Savvas Cab Corp., Inc., 244 AD2d 208, 664 N.Y.S.2d 285 [1st Dept. 1997] ["In the absence of surprise or prejudice, it is abuse of discretion, as a matter of law, for trial court to deny leave to amend answer during or even after trial"]). Herein, respondent fails to state any prejudice to respondent in petitioner's request to promptly amend the petition to comply with RPL 741(5)(a) and (b); RPL 214-216. Given that Petitioner has moved to amend their petition in an attempt to resolve all of the factual issues as a matter of law,and that the Court must deem the allegations of the petition as true and construe them in Petitioner's favor, affording Petitioner the benefit of "every reasonable inference," (Cortlandt St. Recovery Corp. v. Bonderman, 31 NY3d 30, 38, 73 N.Y.S.3d 95, 96 N.E.3d 191 [2018]), this Court finds that Respondent has failed to meet its burden seeking dismissal pursuant to CPLR 3211 (a)(1) and (7) as to the missing GCEL notice requirement.
The Court permits petitioner to amend the holdover petition to comply with Good Cause Eviction Law (GCEL) requiring petition to state whether premises were subject to GCEL and, if exempt, basis for exemption. Petitioner promptly cross moved to amend the petition after service of respondent's motion and respondent failed to show prejudice would be incurred by way of amendment. NY CPLR § 3025(b); NY RPAPL § 741(5)(a) and (b).See Lau v. Zheng, 225 N.Y.S.3d 854 (NY Civ. Ct. 2025);QN St. Albans Holdings LLC v. Sands, 85 Misc 3d 275, 219 N.Y.S.3d 856 (NY Civ. Ct. 2024). As such petitioners cross motion to amend the petition to add that the premises is exempt form GCEL is granted. The amended petition is deemed amended and served.
Based upon the foregoing, respondent's motion to dismiss is denied.
Respondent's motion to file the answer and deem it filed is granted.
Petitioner's cross motion's to amend the petition and to file and deem timely the affidavit of service is granted.
The case is restored to the court's calendar on June 25, 2025 at 9:30, part F for trial or [*7]settlement.
This constitutes the decision and order of this court.
Dated: June 5, 2025
Brooklyn, New York
Hannah Cohen, J.H.C.